# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>PHILIP ANDRA GRIGSBY, )<br>aka PHILAG62@yahoo.com, )<br>aka MUFDVR62@yahoo.com, )<br>aka IMACUMGOBBLER@yahoo.com)<br>)<br>Defendant. )<br>_____) | Case No.    12-10174-01-JTM |

### NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS

Pursuant to Federal Rules of Evidence 402 and 404, the United States provides notice of its intent to introduce, and moves for the admission of, the following:

1) Evidence that, along with the images and video identified specifically in the Superseding Indictment, approximately 400 additional images and 4 videos depicting the minor victim engaged in sexual acts or lewd poses were found in the defendant's media, and included:
    a. a variety of backgrounds observable in or at the defendant's residence, including his bedroom, the living room, the computer room, the bathroom, the kitchen, and a slide/play area in the yard;
    b. 2 videos wherein the minor victim is heard to say a sexually explicit phrase followed by "dad" immediately prior to an adult male engaging the child in a sex act;
    c. an image depicting the minor wearing a big with "cum gobbler" written on it had been uploaded to the "imacumgobbler@yahoo.com" account from the defendant's laptop at or near the time the account was created;

2) Evidence of a collection of sex toys, which appear in a photo found on the defendant's media, as well as evidence that half of the collection was found in a bag in the

      defendant's residence, and the remainder (which are shown being used on the minor victim) were discovered in a box in the minor victim's bedroom;

3) Evidence showing the defendant engaged in self-portraiture of other sex acts, found on the same camera used to take pictures of the minor victim.

## BACKGROUND

On July 12, 2012, FBI Special Agent Daniel O'Donnell, while on temporary duty assignment to the offices of the Australian Federal Police, identified three email addresses that had been engaged in the discussion and transmission of child pornography to an individual arrested in Australia for possession of child pornography. These email addresses were "philag62@yahoo.com", "mufdvr62@yahoo.com", and "imacumgobbler@yahoo.com". From review of the message logs found on the Australian's media, SA O'Donnell observed that all three of the above email addresses referenced images of "Meagan", a fictitious name attributed to a single minor victim. The "imacumgobbler" address was also used to send emails containing multiple images of "Meagan" engaged in sexually explicit conduct. Subsequent investigation revealed a common IP address for these email addresses, which returned to the defendant in Marquette, Kansas. Further investigation also identified "Meagan", the minor victim in this case.

On July 17, 2012, FBI agents executed a search warrant at the defendant's residence. Numerous digital media, including computers, cameras, and thumbdrives, were seized and forensically examined. The government's subsequent forensic review of items seized pursuant to search warrant has revealed approximately 400 photographs and five videos depicting the rape and sexual exploitation of the minor victim[1]. Many of these images were found on the

---

[1] Seven of those photos and one of the videos are identified specifically in support of Counts 1 through 8 of the Superseding Indictment.

defendant's laptop, in a folder titled "Meagan". The forensic review revealed additional child pornography images, different than those of the minor victim, in folders with titles indicative of child pornography (such as "New CP" and "Saved CP"). Additional photos of the defendant were found on the media, mostly involving the defendant engaged in sex acts, and at least four showing the defendant with the minor victim perched on his lap in front of a computer (neither wearing any visible clothes).

Agents also found a series of photographs on the defendant's media, showing a collection of sexual implements, some of which were observed being used on the minor victim. Some of the toys (not used on the minor) were found in the defendant's bedroom during the search. At the time of the search, law enforcement had not yet seen these photographs nor the images depicting the sexual bondage of the minor. Law enforcement was later presented with a box containing the missing sex toys by the minor victim, which included ropes, handcuffs, clips, ball-gag, a collar and leash, and a bib with the words "cum gobbler" written on it. The minor victim advised she had been given these by the defendant.

On July 25, 2012, the defendant was indicted on two counts of Production of Child Pornography, one count of Possession of Child Pornography, and one count of Felon in Possession of a Firearm. On October 10, 2012, a Grand Jury returned a Superseding Indictment charging eight counts of Production of Child Pornography, one count of Possession of Child Pornography, and one count of Felon in Possession of a Firearm.

## ARGUMENT

Federal Rule of Evidence 402 provides that "all relevant evidence is admissible." Evidence is relevant if it has the "tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401.  Relevant evidence should be admitted unless its "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.  It is important to note that the rule involves *unfair* prejudice.

Evidence of uncharged criminal activity may be admissible as relevant evidence, and may not even be "other acts" evidence under Rule 404(b).  An uncharged act is admissible as *res gestae*—intrinsic evidence not subject to Federal Rule of Evidence 404(b)—if "it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Johnson,* 42 F.3d 1312, 1316 (10th Cir.1994) (alteration, citation, and internal quotation marks); *see also United States v. Parker,* 553 F.3d 1309, 1314 (10th Cir.2009). "Evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof of the offense charged in the indictment." *United States v. Kimball,* 73 F.3d 269, 272 (10th Cir.1995) (alterations and internal quotation marks omitted); see also *United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010).

In this case, the United States contends the evidence identified above is intrinsic to the charged offenses.  The evidence arose out of the same transactions, or series of transactions, as the charged offenses, and is so intertwined and imbedded within or next to the evidence regarding the charged offenses as to be necessary to complete the story of the crime on trial.  The images charged represent only a small sample of those found on the defendant's media.  More importantly, though, is the fact that every image charged is part of a series of images.  The Court will note that all but one of the charged images bear a title followed by a number, indicating where it falls in the series; the image in Count 8 is also part of a series, but bears a different

nomenclature due to where it was found.  To provide the jury with a complete and truthful account of the crimes on trial, and to provide appropriate context for the introduction of specific images and videos, testimony and exhibits that reflect the extent of the defendant's collection is necessary.

For example, a visual representation of where the "Meagan" images were stored on the defendant's media will be presented.  That visual representation (a file tree) shows very clearly other files of child pornography.  Reference to these other images (but not necessarily showing the images themselves) will be necessary to educate the jury as to the location of the charged images, and to eliminate any doubt as to the defendant's awareness of and involvement in the production of the images.

If the Court determines that the above evidence is not intrinsic to the charged offense, the United States contends it is still properly admissible under Rule 404(b), as it is offered to prove the identity of the person producing the images.  As stated in *United States v. Burgess*, 576 F.3d 1078, 1098 (10th Cir. 2009):

> We consider four factors in weighing the admissibility of evidence under Rule 404(b): (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests. Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition.

Examined under these legal standards, the following evidence is admissible for the following reasons.  First, testimony about the overall volume of child pornography, child erotica, and other images of children the defendant possessed shows that he had the knowledge and intent to possess child pornography.  Likewise, the sheer volume of child pornography in the defendant's possession, as well as the file structure the defendant used to carefully store it, eviscerates any assertion that his possession was by mistake or accident.

The evidence identified above is relevant to proving identity. The videos referencing "dad" identify the culprit at the time of the offense. The images showing the defendant with the minor in front of the computer also tend to prove the identity of the perpetrator, especially as this offense involved the transmission of sexually explicit photos via the internet. A photo from the defendant's media, showing ownership and use of a broad collection of sexual implements, tends to prove that the defendant was the one who used some of those implements upon the minor.

No unfair or undue prejudice could result from testimony about the volume and nature of the images defendant chose to store on his computers, cameras, and thumbdrives. This is a child pornography case. Certainly such testimony will not be as shocking as the pornographic images and videos that will be published to the jury. Thus, any danger of unfair prejudice is low.

## CONCLUSION

For the reasons above, the United States submits that the evidence described in this motion is relevant and admissible pursuant to Federal Rules of Evidence 402 and 404(b), and that its probative value is not substantially outweighed by the risk of unfair prejudice.

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney

s/ Jason W. Hart
Jason W. Hart, #20276
Assistant U.S. Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Telephone: (316) 269-6481
Fax: (316) 269-6484

E-mail: jason.hart2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to John K. Henderson.

<u>s/Jason W. Hart</u>
Jason W. Hart, #20276
Assistant U.S. Attorney