FILED
U.S. DISTRICT COURT

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

'12 NOV 15 P2:31

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) | NO. 12-10174-01-JTM |
| v. | )<br>)<br>) | PETITION TO ENTER PLEA<br>OF GUILTY AND ORDER<br>ENTERING PLEA |
| PHILIP ANDRA GRIGSBY,<br>    Defendant. | )<br>) | [Federal Rules of Criminal<br>Procedure, Rules 10 and 11] |

The defendant represents to the Court:

(1) My full true name is Philip Andra Grigsby. I am <u>50</u> years of age. I have obtained my GED. I request that all proceedings against me be in my true name.

(2) I am represented by a lawyer, his name is:

John K. Henderson, Jr., Assistant Federal Public Defender for the District of Kansas.

(3) I received a copy of the Superseding Indictment before being called upon to plead. I read the Superseding Indictment and have discussed it with my lawyer. I fully understand every charge made against me.

(4) I told my lawyer all the facts and circumstances known to me about the charges made against me in the Superseding Indictment. I believe that my lawyer is fully informed on all such matters.

(5) I know that the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted. I represent to the Court that I did the following acts in connection with the charges made against me in Counts 1 through 10 of the Superseding Indictment:

COUNT 1

ON OR ABOUT MARCH 24, 2012, WITHIN THE DISTRICT OF KANSAS, I DID KNOWINGLY EMPLOY, USE, PERSUADE, INDUCE, ENTICE, AND COERCE ANY MINOR, 9 YEAR OLD JANE DOE BORN IN 2002, TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING ANY VISUAL DEPICTION OF SUCH CONDUCT, TO WIT, A VIDEO TITLED "SUCK 1.MPG", USING MATERIALS THAT HAVE BEEN MAILED, SHIPPED, AND TRANSPORTED IN AND AFFECTING INTERSTATE AND FOREIGN

COMMERCE BY ANY MEANS, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2251(A).

## COUNT 2

ON MARCH 31, 2012, WITHIN THE DISTRICT OF KANSAS, I DID KNOWINGLY EMPLOY, USE, PERSUADE, INDUCE, ENTICE, AND COERCE ANY MINOR, 9 YEAR OLD JANE DOE BORN IN 2002, TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING ANY VISUAL DEPICTION OF SUCH CONDUCT, TO WIT, AN IMAGE TITLED "BREAKFAST 3.JPG," USING MATERIALS THAT HAVE BEEN MAILED, SHIPPED, AND TRANSPORTED IN AND AFFECTING INTERSTATE AND FOREIGN COMMERCE BY ANY MEANS, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2251(a).

## COUNT 3

ON APRIL 19, 2012, WITHIN THE DISTRICT OF KANSAS, I DID KNOWINGLY EMPLOY, USE, PERSUADE, INDUCE, ENTICE, AND COERCE ANY MINOR, 9 YEAR OLD JANE DOE BORN IN 2002, TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING ANY VISUAL DEPICTION OF SUCH CONDUCT, TO WIT, AN IMAGE TITLED "ASS FUCK 3.JPG," AND THE VISUAL DEPICTION WAS TRANSPORTED USING ANY MEANS AND FACILITY OF INTERSTATE AND FOREIGN COMMERCE, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2251(a).

## COUNT 4

ON APRIL 19, 2012, WITHIN THE DISTRICT OF KANSAS, I DID KNOWINGLY EMPLOY, USE, PERSUADE, INDUCE, ENTICE, AND COERCE ANY MINOR, 9 YEAR OLD JANE DOE BORN IN 2002, TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING ANY VISUAL DEPICTION OF SUCH CONDUCT, TO WIT, AN IMAGE TITLED "SUCK 13.JPG," AND THE VISUAL DEPICTION WAS TRANSPORTED USING ANY MEANS AND FACILITY OF INTERSTATE AND FOREIGN COMMERCE, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2251(a).

## COUNT 5

ON APRIL 29, 2012, WITHIN THE DISTRICT OF KANSAS, I DID KNOWINGLY EMPLOY, USE, PERSUADE, INDUCE, ENTICE, AND COERCE ANY MINOR, 9 YEAR OLD JANE DOE BORN IN 2002, TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING ANY VISUAL DEPICTION OF SUCH CONDUCT, TO WIT, AN IMAGE TITLED "HAND JOB 3.JPG," AND THE VISUAL DEPICTION WAS TRANSPORTED USING ANY MEANS AND FACILITY OF INTERSTATE AND FOREIGN COMMERCE, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2251(a).

## COUNT 6

ON A DATE UNKNOWN TO THE GRAND JURY BUT BEFORE JULY 16, 2012, WITHIN THE DISTRICT OF KANSAS, I DID KNOWINGLY EMPLOY, USE, PERSUADE, INDUCE, ENTICE, AND COERCE ANY MINOR, 9 YEAR OLD JANE DOE BORN IN 2002, TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING ANY VISUAL DEPICTION OF SUCH CONDUCT, TO WIT, AN IMAGE TITLED "AFTER SCHOOL SNACK (1).JPG," USING MATERIALS THAT HAVE BEEN MAILED, SHIPPED, AND TRANSPORTED IN AND AFFECTING INTERSTATE AND FOREIGN COMMERCE BY ANY MEANS, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2251(a).

## COUNT 7

ON A DATE UNKNOWN TO THE GRAND JURY BUT BEFORE JULY 16, 2012, WITHIN THE DISTRICT OF KANSAS, I DID KNOWINGLY EMPLOY, USE, PERSUADE, INDUCE, ENTICE, AND COERCE ANY MINOR, 9 YEAR OLD JANE DOE BORN IN 2002, TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING ANY VISUAL DEPICTION OF SUCH CONDUCT, TO WIT, AN IMAGE TITLED "BONDAGE 4.JPG," USING MATERIALS THAT HAVE BEEN MAILED, SHIPPED, AND TRANSPORTED IN AND AFFECTING INTERSTATE AND FOREIGN COMMERCE BY ANY MEANS, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2251(a).

## COUNT 8

ON A DATE UNKNOWN TO THE GRAND JURY BUT BEFORE JULY 16, 2012, WITHIN THE DISTRICT OF KANSAS, I DID KNOWINGLY EMPLOY, USE, PERSUADE, INDUCE, ENTICE, AND COERCE ANY MINOR, 9 YEAR OLD JANE DOE BORN IN 2002, TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING ANY VISUAL DEPICTION OF SUCH CONDUCT, TO WIT, AN IMAGE TITLED "2[1969284].JPG," USING MATERIALS THAT HAVE BEEN MAILED, SHIPPED, AND TRANSPORTED IN AND AFFECTING INTERSTATE AND FOREIGN COMMERCE BY ANY MEANS, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2251(a).

## COUNT 9

ON OR ABOUT JULY 17, 2012, IN THE DISTRICT OF KANSAS, I DID KNOWINGLY AND INTENTIONALLY POSSESS AND ACCESS WITH INTENT TO VIEW ONE OR MORE MATTERS WHICH CONTAINED VISUAL DEPICTIONS OF MINORS, THE PRODUCTION OF WHICH INVOLVED THE USE OF MINORS ENGAGING IN SEXUALLY EXPLICIT CONDUCT AND SUCH VISUAL DEPICTIONS WERE OF SUCH CONDUCT, THAT HAD BEEN MAILED, SHIPPED AND TRANSPORTED IN INTERSTATE COMMERCE BY COMPUTER, ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 2252(a)(4)(B).

COUNT 10

ON OR ABOUT JULY 17, 2012, IN THE DISTRICT OF KANSAS, I, HAVING BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR, DID KNOWINGLY POSSESS IN AND AFFECTING COMMERCE, ONE OR MORE OF THE FOLLOWING FIREARMS AND AMMUNITION, TO WIT:

> ITHACA, MODEL 51, 12 GAUGE SHOTGUN, S/N 510009384;
> CHINESE, MODEL SKS, 7.62X39 CALIBER RIFLE, S/N 3175967;
> NORINCO, MODEL SKS, 7.62X39 CALIBER RIFLE, S/N 1209413;
> SAVAGE, MODEL 110, 30.06 CALIBER RIFLE, S/N F145290;
> KSA LLC, MODEL CRICKETT, .22 CALIBER RIFLE, S/N 276057;
> STURM, RUGER, MODEL 10/22, .22 CALIBER RIFLE, S/N 252-94311;
> HARRINGTON & RICHARDSON, MODEL PARDNER, .410 SHOTGUN, S/N HX210564;
> STURM, RUGER, MODEL GP100, .357 MAGNUM REVOLVER, S/N 171-21636;
> SMITH & WESSON, MODEL 10-5, .38 SPECIAL REVOLVER, S/N D142943;
> AND AMMUNITION

SAID FIREARMS AND AMMUNITION HAVING BEEN SHIPPED AND TRANSPORTED IN INTERSTATE COMMERCE, ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 922(g) AND 924(a)(2).

(6) My lawyer has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case.

(7) I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY" I know the Constitution guarantees me: (a) the right to a speedy and public trial by a jury; (b) at that trial, and at all stages of the proceedings, the right to the assistance of a lawyer; (c) the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses; (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor; and (e) the right not to be compelled to incriminate myself by taking the witness stand, and if I do not take the witness stand, no inference of guilt may be drawn from such decision.

(8) I know that if I plead "GUILTY," I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court or jury; and further, I realize the Court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial, and been convicted by a jury.

(9) I know that if I plead "GUILTY," the Court will ask me questions about the offense(s) to which I have pleaded, and since I will be answering these questions under oath, on the record, and

in the presence of my lawyer, that my answers may later be used against me in a prosecution for perjury or false statement.

(10)(a) My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than **15** years (if applicable) and to a maximum punishment which, as provided by law, is **30** years to be followed by a term of supervised release of at least **5** years and not to exceed **LIFE**, and a fine of not less than **$0** nor more than **$250,000** which may accrue interest if not paid at time of sentencing) for the offense(s) charged in **Count 1 of the Superseding Indictment**. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed 2 years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(10)(b) My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than **15** years (if applicable) and to a maximum punishment which, as provided by law, is **30** years to be followed by a term of supervised release of at least **5** years and not to exceed **LIFE**, and a fine of not less than **$0** nor more than **$250,000** which may accrue interest if not paid at time of sentencing) for the offense(s) charged in **Count 2 of the Superseding Indictment**. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed 2 years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(10)(c) My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than **15** years (if applicable) and to a maximum punishment which, as provided by law, is **30** years to be followed by a term of supervised release of at least **5** years and not to exceed **LIFE**, and a fine of not less than **$0** nor more than **$250,000** which may accrue interest if not paid at time of sentencing) for the offense(s) charged in **Count 3 of the Superseding Indictment**. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed 2 years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court

will be the sentence I serve less any good time credit if I earn it.

(10)(d) My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than **15** years (if applicable) and to a maximum punishment which, as provided by law, is **30** years to be followed by a term of supervised release of at least **5** years and not to exceed **LIFE**, and a fine of not less than **$0** nor more than **$250,000** which may accrue interest if not paid at time of sentencing) for the offense(s) charged in **Count 4 of the Superseding Indictment**. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed 2 years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(10)(e) My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than **15** years (if applicable) and to a maximum punishment which, as provided by law, is **30** years to be followed by a term of supervised release of at least **5** years and not to exceed **LIFE**, and a fine of not less than **$0** nor more than **$250,000** which may accrue interest if not paid at time of sentencing) for the offense(s) charged in **Count 5 of the Superseding Indictment**. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed 2 years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(10)(f) My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than **15** years (if applicable) and to a maximum punishment which, as provided by law, is **30** years to be followed by a term of supervised release of at least **5** years and not to exceed **LIFE**, and a fine of not less than **$0** nor more than **$250,000** which may accrue interest if not paid at time of sentencing) for the offense(s) charged in **Count 6 of the Superseding Indictment**. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed 2 years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(10)(g) My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than **15** years (if applicable) and to a maximum punishment which, as provided by law, is **30** years to be followed by a term of supervised release of at least **5** years and not to exceed **LIFE**, and a fine of not less than **$0** nor more than **$250,000** which may accrue interest if not paid at time of sentencing) for the offense(s) charged in **Count 7 of the Superseding Indictment**. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed **2** years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(10)(h) My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than **15** years (if applicable) and to a maximum punishment which, as provided by law, is **30** years to be followed by a term of supervised release of at least **5** years and not to exceed **LIFE**, and a fine of not less than **$0** nor more than **$250,000** which may accrue interest if not paid at time of sentencing) for the offense(s) charged in **Count 8 of the Superseding Indictment**. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed **2** years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(10)(i) My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than **0** years (if applicable) and to a maximum punishment which, as provided by law, is **10** years to be followed by a term of supervised release of at least **5** years and not to exceed **LIFE**, and a fine of not less than **$0** nor more than **$250,000** which may accrue interest if not paid at time of sentencing) for the offense(s) charged in **Count 9 of the Superseding Indictment**. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed **2** years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(10)(j) My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than **0** years (if applicable) and to a maximum punishment which, as provided by law, is **10** years to be followed by a term of supervised release of at least **0** years and not to exceed **3** years, and a fine of not less than **$0** nor more than **$250,000** which may accrue interest if not paid at time of sentencing) for the offense(s) charged in **Count 10 of the Superseding Indictment**. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed **2** years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(11) I know that in addition to any other penalty imposed, including any fine or restitution order, the Court is required to impose a special monetary assessment in the amount of $**100.00** for each count in which the offense occurred after April 24, 1996. (Not less than $100.00 for a felony, $25.00 for a Class A misdemeanor; if the defendant is other than an individual the assessment is not less than $400.00 for a felony and $100.00 for a Class A misdemeanor). I UNDERSTAND THIS SPECIAL ASSESSMENT MUST BE PAID AT THE TIME OF THE SENTENCING HEARING UNLESS THE COURT DIRECTS OTHERWISE.

(12) I understand that if my case involves drug trafficking or drug possession, the Court may deny or suspend my eligibility to receive federal benefits pursuant to 21 U.S.C. § 862, except for those specifically exempted. I understand that if this is my second or subsequent conviction for possession of a controlled substance, the Court may order me to complete drug treatment or community service as specified in the sentence as a condition for reinstatement of benefits.

(13) I know that the Court may also order, in addition to the penalty imposed, that I give reasonable notice and explanation of the conviction, in such form as the Court may approve, to the victims of the offense.

(14) I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense may result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization.

(15) If I am on probation or parole in this or any other Court, I know that by pleading guilty here, my probation or parole may be revoked and I may be required to serve time in that case, which will be consecutive, that is, in addition to any sentence imposed upon me in this case.

(16) I declare that no officer or agent of any branch of government (federal, state, or local) has promised, suggested, or predicted that I will receive a lighter sentence, or probation, or any other form of leniency if I plead "GUILTY," except as follows:

<u>My attorney did discuss how the Sentencing Guidelines may apply in my case.</u>

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.

I know that the sentence I will receive is solely a matter within the control of the Judge. I do understand that there is no limitation on the information the Judge can consider at the time of sentencing concerning my background, character, and conduct, provided the information is reliable, 18 U.S.C. § 3661. I do understand that if I am subject to sentencing under the Sentencing Reform Act and the Sentencing Guidelines issued by the United States Sentencing Commission, a sentencing guideline range is established. The Judge will consider a sentence from within the guideline range and, if my case presents features which persuade the Judge to vary from the guideline range the Judge could impose a sentence either above or below the recommended guideline range. In determining the guideline range, any variance, and the sentence to impose, the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted, and take into account background characteristics, unless otherwise prohibited by law. I further understand that my background characteristics including, but not limited to, the recency and frequency of my prior criminal record, whether or not a substantial portion of my income resulted from criminal conduct, my role in the offense, victim-related circumstances, and my acceptance of responsibility for the offense, may have a specific effect on the sentence.

I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. However, I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of guilty.

(17) I understand that a U.S. Probation Officer will be assigned to conduct a thorough presentence investigation to develop all relevant facts concerning my case, unless the Court finds that there is in the record sufficient information to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553. The report of the presentence investigation shall contain the factors set forth in Rule 32. These include the classification of the offense and of the defendant under the categories established by the Sentencing Commission, the kinds of sentence available to the Court, and the sentencing range the officer believes applicable. The report shall include the history and characteristics of the defendant, and such other information required by the Court recognizing the factors set forth in paragraph (16) above.

(18) My plea of guilty is not result of a plea agreement.

(19) I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME.

(20) I know that the Court will not permit anyone to plead "GUILTY" who maintains he/she is innocent and, with that in mind, and because I am "GUILTY" and do not believe I am innocent, I wish to plead "GUILTY", and respectfully request the Court to accept my plea of "GUILTY" and

to have the Clerk enter my plea of "GUILTY" as follows.

### **GUILTY TO COUNTS 1 THROUGH 10 OF THE SUPERSEDING INDICTMENT**.

(21) My mind is clear, I am not under the influence of alcohol. I currently am not under a doctor's care. The only drugs, medicines or pills that I took within the past seven (7) days are:

NONE.

(22) I have never been confined in an institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. No psychiatrist, physician, or psychologist has ever found me to be mentally ill. I know of no reason why my mental competence at the time of the commission of the alleged offense(s), or at the present time, should be questioned. (If there are any exceptions to the above statement, explain below.)

NONE.

(23) I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Superseding Indictment, in this petition, and in the certificate of my attorney which is attached to this petition.

(24) I waive the reading of the Superseding Indictment in open court, and I request the Court to enter my plea of "GUILTY" as set forth in paragraph (20) of this petition.

(25) I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct.

Signed and Sworn to by me in open court, in the presence of my attorney, this 15th day of November, 2012.

_____
PHILIP ANDRA GRIGSBY

Subscribed and Sworn to before me this 15th day of November, 2012.

_____
(Deputy Clerk)

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for the defendant, Philip Andra Grigsby, hereby certifies:

(1)   I have read and fully explained to the defendant the allegations contained in the Superseding Indictment in this case.

(2)   To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

(3)   I explained the maximum penalty for each count to the defendant.

(4)   The plea of "GUILTY" offered by the defendant in paragraph (20) accords with my understanding of the facts he related to me and is consistent with my advice to the defendant.

(5)   In my opinion, the defendant's waiver of reading of the Superseding Indictment in open court as provided by Rule 10 is voluntarily and understandingly made, and I recommend to the Court that the waiver be accepted.

(6)   In my opinion, the plea of "GUILTY" offered by the defendant in paragraph (20) of the petition is voluntarily and understandingly made. I recommend that the Court accept the plea of "GUILTY."

(7)   I have made no predictions or promises to the defendant concerning any sentence the Court may award, except as noted in the space below:

<u>I have discussed with my client how the Sentencing Guidelines may apply in his case.</u>

(8)   I further represent to the Court that the defendant's plea of "GUILTY" is not the result of a plea agreement.

Signed by me in open court in the presence of the defendant above named and after full discussion of the contents of this certificate with the defendant, this 15th day of November, 2012.

*[signature]*
~~JOHN~~ K. HENDERSON, ~~JR. SUP~~ P. CT. NO. 19022
Attorney for Defendant

-11-

## ORDER

I find that the plea of guilty was made by the defendant freely, voluntarily, and because he is guilty as charged, and not out of ignorance, fear, inadvertence or coercion, and with full understanding of its consequences. I further find that the defendant has admitted the essential elements of the crime charged and is mentally competent.

IT IS THEREFORE ORDERED that the defendant's plea of "GUILTY" be accepted and entered as prayed for in the petition and as recommended in the certificate of his lawyer.

Done in open court this 15th day of November, 2012.

THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT JUDGE