IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>vs.<br><br>PHILIP ANDRA GRIGSBY,<br>    Defendant,<br>_____ | }<br>}<br>}<br>}  Case No. 12-10174-01-JTM<br>}<br>}<br>}<br>} |

**DEFENDANT'S SENTENCING MEMORANDUM APPLYING GUIDELINES AND 18 U.S.C. § 3553 FACTORS TO DEFENDANT**

Guidelines

For the reasons set forth in the defendant's memorandum regarding the guidelines which would be applied in this case, U.S.S.G. § 2G2.1, the defendant respectfully objects to the application of the guideline and its enhancements. For the reasons stated, the guidelines are defective and provide a false reference point for the assessment of a sentence in this case. As Judge Bennett in United States v. Jacob , 631 F. Supp.2d 1099, 1115 (N.D. Iowa 2009) and Judge Adelman in United States v. Krueger, 2009 WL 4164122 *4 (E.D. Wis. 2009) did in their cases,  the defendant respectfully requests that the court "start[ing] with the mandatory minimum and consider[ing] any appropriate aggravating circumstances in the particular case, some of which may be listed in the guideline".  Id *4.
1

The base offense level for production begins at 32, 14 levels and almost twice the level for distribution (18).   That level itself reflects the seriousness of the offense and a sentencing range very near the mandatory minimum of 15 years (135 - 168).

The enhancements, as argued in defendant's memorandum inaccurately inflate the proposed sentence to a  base offense level of 51.   Six years and three months (four levels) are added to the sentence due to the age of the victim.   [U.S.S.G. § 2G2.1(b)(1)](). Again, this factor is present in most of the production cases already and is certainly reflected in the beginning sentence of 15 years.    Four years and four months (two levels) are added to this number because a sexual act was involved.    This factor is also present in most of the production cases already.   Five years and 2 months (two levels) are added to this number because there was distribution.   Again, that factor is present in many if not most cases and likely does not appear to be counted as a statistic in the Commission's data because the courts are not following the guideline - because it is present in most cases.

The sentence becomes a life sentence with the addition of four levels for sadistic or masochistic or violent conduct material. As noted in the objections to the presentence report, the defendant denies that his conduct qualifies for this enhancement.   In addition, to the extent this enhancement is routinely present in production cases, it is not a valid basis to increase the sentence.  The sentence continues to escalate two levels more since Mr. Grigsby was a parent of the victim.  Again, this factor is present in most of the production cases already and is certainly reflected in the beginning sentence of 15 years.

Finally, the sentence continues to escalate another 5 levels more under U.S.S.C. § 4B1.5(b)(1) because the defendant allegedly engaged in a pattern of prohibited activity. Again, the defendant denies the application of this enhancement is appropriate. Even the Commission's recent Report characterizes 4B1.5 enhancement in the same way it is viewed by the defendant. "As discussed in Chapter 2, U.S.S.G. 4B1.5 (Repeat and Dangerous Sex Offenses Against Minors) contains two alternative enhancements for certain production offenders' **prior criminal conduct**." Federal Child Pornography Offenses, United States Sentencing Commission February 27, 2013 at p. 260 (emphasis added). As stated in the objection to the presentence report, this guideline only makes sense when understood to punish a person who has engaged in similar conduct in the past and is a recidivist. Mr. Grigsby's conduct occurred during a defined period of time when his wife had left the household in the Spring and Summer of 2012. The conduct was isolated to the victim. There were no prior events and no pattern of activity outside this isolated period of time.

In sum, all the enhancements suffer from the defects associated with the failure of the Commission to exercise its responsibilities in empirically assessing sentencing in this area and Congress' pervasive interference with the Commission's duties. In addition, the enhancements fail to provide an accurate measure between the least and worst offenders and add punishment ala carte style for conduct which is already reflected in the minimum sentence.

> District judges are encouraged to take seriously the broad discretion they possess in fashioning sentences under 2G2.2 - ones that can range from non-custodial sentences to the statutory maximum - bearing in mind that they are dealing with an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results.

United States v. Dorvee, 616 F.3d 174, 188 (2nd Cir. 2010) .   This applies equally here, noting that the range begins with a minimum sentence of 15 years in the case of production.

18 U.S.C. § 3553

<u>Nature and circumstances of the offense</u>

The nature and circumstances of the offense speaks for itself.  The offense is one of the most serious category of offenses.  The statue assesses a minimum sentence of 15 years which by itself is severe and reflects the seriousness of the charges.   The sentencing range under the statute is 15 years to life in prison.  One question is where does the crime in this case fall within that range.  It is clearly not the most serious of these cases.   The victim was not beaten, chained, locked up, threatened, placed in any fear or forced in any manner.  She was not kidnaped and secreted away.   She was not cut, bruised or the recipient of any angry actions related to the offense conduct.   We know of cases which contained these elements.  For example, on February 10 and 11 of this year,  the United States Attorney's office issued a press release regarding a plea in <u>United States v. Arnett</u> in Kansas City.   Mr. Arnett pled guilty to one count of production based upon taking multiple pictures of three children in his charge, including one sitting naked in a roasting pan. There was allegedly evidence of chat

4

room discussions regarding eating children. (Mr. Arnett having been allowed to plead guilty to one count is facing a maximum sentence of 30 years). Mr. Arnett's co-defendant allegedly held a gun to the head of his victims while they performed oral sex. Of course there are many other examples of offense conduct more deserving of a sentence at the higher end of the 15 to life sentencing range.

The decisions in the Illinois, Iowa and Wisconsin cases discussed in the section on the Sentencing Guidelines provide a reference point. In United States v. Jacob, 631 F. Supp.2d 1099, 1123 (N. D. Iowa 2009), Judge Bennett sentenced the defendant to 151 months. The defendant was convicted of enticing a minor to create child pornography and then traveling to engage in sexual conduct with a minor. Id. at 1102- 1104. The court applied some enhancements above the mandatory minimum sentence of 10 years and discarded others. Id at 1116 and 1123. The Court was persuaded that the defendant had little interest in sadistic or masochistic images and was not a significant participant in chat rooms. The court was also impressed by the defendant's remorse, lack of prior history of sexual offenses and the support of family members.

In a subsequent case, United States v. Almazan, 2012 WL 6019281 (N.D.Iowa 2012), the same Judge, Judge Bennett, sentenced the defendant to 360 months. In that case, the defendant was charged with production involving his niece. He coerced the oral sex and photographs "through threats against her and her family, and by threatening to distribute the photographs by placing them on the internet." Id at *1. The Court was negatively impressed

by the lack of remorse and any awareness on the part of the defendant regarding the harm he had caused. Id. at 8.

In United States v. Price, 2012 WL 966971 (C.D. Ill. 2012), Judge Myerscough sentenced the defendant to 216 months. The case went to a jury trial. The defendant was convicted of production and possession. Id. at *1. The victim was the defendant's daughter. Although there were multiple images, the defendant was charged with only one count. The images were distributed and the Court found the defendant was financially motivated to post the images. Id. at 7. The Court also found that the defendant engaged in a pattern of molesting and harassing the victim. The victim testified at trial that she felt abused. Id. at 4. Additionally, the Court found that the defendant attempted to obstruct the investigation by trying to persuade his daughter to recant her allegations of abuse. Id. at 3. The Court also found that the defendant had abused the victim's sister in the past with repeated molestation and harassment. Finally, the court noted a complete lack of acceptance of responsibility, repeated defiance and no remorse. Id. at 8. The defendant told the jury the pictures were "art". Id. The court found as mitigating factor that there were no pictures depicting violent conduct, acts of penetration or sexual conduct. Id. at 12.

Finally, in United States v. Krueger, 2009 WL 4164122 (E.D. Wis. 2009), Judge Adelman sentenced the defendant to 216 months. The defendant plead guilty to two counts of production. Id. at *1. The defendant was charged with taking pictures of his three children and plead guilty to two counts of production. He was a hard working family

oriented person who volunteered in his children's activities. He served two years in the military and had a good job as a process engineer. Id. at 2. The Court found he expressed sincere remorse. There was no attempt to profit financially. The Court did not sentence him to the minimum sentence because there was a sex act involved and the abuse occurred over a long period of time (what appears to be at least two years). Id. at 2 and 4.

History and Characteristics of the Defendant

The defendant's submission of his history and characteristics is before the Court along with a sample of pictures of his children participating with him in normal family activities. contains information about his horrific childhood. It also contains information about the best years of his life - his 12 year marriage to his wife and his children. There are over 3,000 pictures of his children in various activities including museums, hiking, star gazing, building and riding mini motorcycles, parades, fairs, zoos, learning to hunt, learning to shoot bows and rifles, learning to weld, school activities, church activities, going to the pool, learning sports, attending summer camps, and just riding bikes around town. The photographs of the house at the time of the search, and after his wife had left, show a well kept home for his children with notes on the refrigerator about family movie night and family game night. The children were and are doing well in school. There can be no question that Mr. Grigsby loved and continues to love his children.

His attempts to communicate with his children and his wife and his statements to counsel and the court reveal the sickness he feels, and his profound remorse, for what he did.

He has taken full responsibility, agonizes over the "why" questions and wrestles to reconcile his past, both his childhood and the good times with his family, with what he did over 3 or 4 months last Spring and Summer.

### Request

It is difficult to reconcile the two people. There is the person who committed this offense and there is the person who loved his wife, children and family the past 12 years. There are over 3,000 wonderful pictures of his children. There are no pictures of him as a child. There are at least 30 pictures of his daughter that are part of this offense. Reconciling the two is likely impossible but what is clear is that a sentence cannot ignore the one for the other. Sentencing is not limited to the nature and circumstances of the offense any more than it is limited to the history and characteristics of the defendant. Taking all things into consideration, the defendant respectfully requests that the court consider a sentence greater than the minimum of 15 years and less than the maximum of life. This is not the least serious case nor is it the most serious case under this category of crimes.

Respectfully submitted,

s/John K. Henderson, Jr.
JOHN K. HENDERSON, JR.
Sup. Ct. No. 19022
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: John_Henderson@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2013, I electronically filed the foregoing Defendant's Sentencing Memorandum Applying Guidelines and 18 U.S.C. § 3553 Factors to Defendant with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Jason Hart
    Assistant U.S. Attorney
    301 N. Main, Suite 1200
    Wichita, KS  67202

    s/John K. Henderson, Jr.
    JOHN K. HENDERSON, JR.
    Sup. Ct. No. 19022
    Assistant Federal Public Defender
    301 N. Main, Suite 850
    Wichita, KS 67202
    Telephone: (316) 269-6445
    Fax: (316) 269-6175
    E-mail: John_Henderson@fd.org