IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

        Plaintiff,

        vs.                          Case No. 12-10174-01-JTM

Philip Andra Grigsby,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Philip Andra Grigsby's *pro se* motion seeking production of various transcripts. The motion identifies the following hearings: (a) evidentiary hearings conducted March 28, 2013, and May 20, 2013; and (b) sentencing hearings conducted March 28, 2013, May 20, 2013, June 24, 2013, and July 29, 2013. At the hearings of June 24, and July 29, 2013, the court heard evidence and argument relating to the amount of restitution to be entered, after which the court entered an Amended Judgment in the amount of $140,000. (Dkt. 97, 98). Grigsby asserts that the transcripts of cited proceedings "are a substantial element of his appeal and other review matters."

However, the matter is presently on appeal, and indeed a transcript of the May 20, 2013 sentencing hearing has been submitted to the court (Dkt. 88), and the Record on

Appeal has been transmitted to the Tenth Circuit Court of Appeals. (Dkt. 90). This transcript was entered pursuant to the specific request by defendant's counsel, which focused solely on the May 20, 2013 hearing. (Dkt. 84, 85). Similarly, the only record designated for the appeal was the "government and defense counsel's final statements and judge's ruling from sentencing hrg 5-20-13." (Dkt. 83).

More importantly, Grigsby is represented by counsel on the appeal, and the court is further informed that the matter has been presented for argument and is awaiting final resolution. The court finds no basis for the motion, which is accordingly denied. "[T]here is no constitutional right to hybrid representation, and a district court is not obligated to consider *pro s*e motions by represented litigants. *Pagliaccetti v. Kerestes*, 948 F.Supp.2d 452, 457 (E.D.Pa. 2013) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). *See United States v. Dierling*, 131 F.3d 722, 734 n. 7 (8th Cir. 1997) (denying *pro se* request for transcript where defendant was represented by attorney, and transcripts were otherwise available to counsel). "[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court." *United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976).

Here, Grigsby is represented by able and effective counsel, he has made no showing of particularized need for the additional transcripts, and has not shown how they would relate to the issues on appeal. In light of all the circumstances of the case, the defendant's Motion for Transcripts (Dkt. 102) is hereby denied.

IT IS SO ORDERED this 19th day of February, 2014.


                                                 s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE