IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


United States of America,

        Plaintiff,

        vs.                              Case No. 12-10174-JTM

Philip Andra Grigsby,

        Defendant.


MEMORANDUM AND ORDER


This matter is before the court on the motion of defendant Philip Grigsby for the production of numerous pleadings and transcripts. The defendant represents that these materials "are necessary for my pro se appeal." (Dkt. 113, at 1). On May 7, 2014, the Tenth Circuit rejected Grigsby's appeal, and affirmed the 260-year term of imprisonment imposed by the court pursuant to the child pornography sentencing guidelines. In the course of its opinion, the court reiterated that Grigsby's pro se arguments were not properly before the court, given his representation by counsel.

> We note that during the course of his direct appeal, Defendant, despite the fact he is represented by counsel, has submitted numerous pro se filings to the court requesting various actions on our part. We have long adhered to the policy on direct appeal of only addressing issues raised by counsel, however, and we invoke that policy here. *See United States v. Coleman*, 9 F.3d 1480, 1487 (10th Cir. 1993). We therefore decline to address the numerous claims Defendant raises in his pro se filings, including his claim of ineffective assistance of counsel. That claim is more properly brought by way of collateral attack under 28 U.S.C. § 2255.

(Slip op. at 8 n. 6).

Five days after the decision of the Court of Appeals, Grigsby filed the present motion. The court notes that, although it bears the date of "April 22, 2014," Grigsby's motion was actually received by the court on May 12, 2014, and filed on the same date.

Grigsby does not specify particular pleadings or transcripts in his motion itself. Rather, the attaches a series of letters he has previously written to his appointed counsel, to the clerk of the court, and to the court reporter. In his letter to counsel, Grigsby recites various hearings, but also generally states that he seeks "ALL transcripts of EVERY word spoken by EVERY person present at EVERY HEARING." (Dkt. 113-1, at 3).

Reviewing that correspondence, it appears that Grigsby sought the following pleadings:

Table A

| *Dkt.* | *Pleading* |
|---|---|
| 36 | Sealed Motion for Leave |
| 39 | Sealed Response |
| 59 | Sealed Motion for Leave |
| 61 | Sealed Sentencing Memorandum |
| 66 | Sealed Motion |
| 72 | Sealed Motion for Leave |
| 64 | Ex Parte Motion for Production |
| 65 | Sealed Response |
| 68 | Sealed Reply |
| 69 | Memorandum and Order |
| 74 | Sealed Response |
| 79 | Statement of Reasons |
| 99 | Amended Statement of Reasons. |

In addition, Grigsby sought transcripts of the following hearings:

Table B

| *Date.* | *Hearing* |
|---|---|
| Nov. 15, 2012 | Change of Plea Hearing |
| Jan. 28, 2013 | Motion Hearing |

>   March 28, 2013   Evidentiary Sentencing Hearing
>   May 20, 2013     Evidentiary Sentencing Hearing
>   June 24, 2013    Restitution Hearing
>   July 29, 2013    Restitution Hearings

At the present time, Grigsby has not filed any collateral attack on his conviction. Such a request in any event would be premature, with Grigsby having petitioned the Supreme Court for a writ of certiorari on July 10, 2014. (Dkt. 115).

In addition, the Tenth Circuit has noted the existence of some authority holding that the authorization of transcripts in aid of collateral relief under 28 U.S.C. § 753(f) have "the actual filing of a habeas petition [a]s a necessary prerequisite." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (citing cases). *Sistrunk* did not resolve this issue, finding that even if such relief might be granted following a pre-petition motion, such a motion must present "more than conclusory allegations" of ineffective assistance of counsel. *Id.* Where a request for documents or transcripts fails to present a particularized need for such materials, it is properly denied. *United States v. Eatman*, No. 07-20057-CM, 2012 WL 329833, *1 (D. Kan. 2012). a

Here, Grigsby continues to prosecute his direct appeal, which was initiated by and through his appointed counsel. There is no collateral attack on the judgment pursuant to § 2255, and no showing of particularized need for the materials identified in Tables A or B.

IT IS ACCORDINGLY ORDERED this 23rd day of July, 2014, that the defendant's Motion for Copies (Dkt. 113) is hereby denied.

>   s/ J. Thomas Marten
>   J. THOMAS MARTEN, JUDGE

3