IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America

        Plaintiff,

        vs.                Case No. 12-10174-JTM

Philip Grigsby

        Defendant.

MEMORANDUM AND ORDER

This matter came before the court on January 20, 2015, the court addressing multiple motions filed on behalf of defendant Philip Grigsby, who was convicted of various child pornography counts, and sentenced to 260 years' imprisonment.

For the reasons stated at the hearing, the court suspends ruling on the defendant's request to modify the restitution awarded for 30 days. The court otherwise denies the relief sought by defendant.

*Garnishment*

The court ordered Grigsby to pay a $1,000.00 assessment, and $140,000.00 in restitution. To date, Grigsby has paid only $100 of the assessment (in four $25 installments),

and nothing by way of restitution. Subsequently, on November 6, 2014, the government filed an Amended Writ of Continuing Garnishment against IBEW Local No. 661 Retirement Plan pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The union's answer indicates that it holds a fully vested, qualified plan, money purchase retirement account worth $53,604.00.

Although the court originally entered a Schedule of Payment for the restitution as a part of the Amended Judgment (Dkt. 98), the government was not limited to such periodic payments. An action of garnishment under § 3205 is a permissible means of collecting restitution owed by a defendant, even when a court-authorized payment plan otherwise exists. *See United States v. James*, 312 F.Supp.2d 802, 807 (E.D. Va. 2004) (permitting garnishment action and observing that "Court-imposed payment schedules are merely one means available to enforce a restitution judgment").

Grigsby has advanced four objections to the garnishment. First, he asserts that "the validity of the order is in question," citing the civil action he commenced against Jesse Lemuz, one of the witnesses in the criminal action against him. Second, he argues the pension account is partly owned by his wife, and thus is the subject of the ongoing state proceeding. Third, he argues that the "amount [cited in the Writ] is also open to question." Fourth, he argues that he is exempt from garnishment under various statutes (41 U.S.C. § 1671(2), 18 U.S.C. § 3613, and 15 U.S.C. § 1673(c)).

The court overrules the defendant's objections. His independent civil action against Lemuz is not a valid basis for objecting to the garnishment. First, the Tenth Circuit

2

independently determined that the Lemuz action cannot be asserted now as a basis for challenging the original restitution order. *United States v. Grigsby*, 579 Fed.Appx. at 686. Second, as noted earlier, the court finds that the Lemuz action supplies no reason for modifying the restitution amount. Accordingly, the first objection is overruled.

The court also finds that the IBEW account is owned by Grigsby, and the government's lien properly attached at the time of the original criminal judgment., May 21, 2013. The divorce action was filed July 9, 2013, and any interest Grigsby's now-former wife would have in the account is subject to the lien of the United States. In any event, such secondary interest would belong to the former wife. Grigsby lacks any standing to assert it.

The amount set forth in the Writ ($140,900) is correct, reflecting the original Order of Restitution, and allowing for Grigsby's four $25 payments. The amount of restitution ordered is part of a final and nonappealable judgment. Any subsequent decision by another court, in another action, cannot affect the amount of restitution ordered by this court.

The defendant's objection asserting various statutory exemptions is overruled. First, with resepct to the Consumer Credit Protection Act, Grigsby has been severed from his employment for more than 12 months, and is entitled to a lump sum distribution of the pension account. Accordingly, the distribution is not "wages, salary, commission, bonus, or otherwise," and is not "periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a)). *See United States v. Rice*, 196 Fsupp.2d 1196, 1199 (N.D. Okla.

2002).

Grigsby claims the account is not subject to garnishment under 26 U.S.C. § 6334(a) as a pension payment, but this exemption is explicitly reserved for military and railroad pensions. The IBEW pension is a private union benefit, and does not fall within the statutory exemption.

Nor is the pension exempt under § 6334(a)(8), which protects "[j]udgments for support of minor children" from execution. The statute is inapplicable because no court rendered any child support judgment prior to the government's Writ. Of course, Grigsby argues that a hypothetical child support judgment might subject him to payment of 25% of his income, thereby making him exempt. But no such judgment exists, and in any event, as noted earlier, the IBEW account may be distributed as a lump sum payment. It is not a periodic payment which would support an exemption.

The remaining exemption cited by Grigsby, the minimum exemption for wages, salary or other income, 18 U.S.C. § 3613(a)(9), does not apply to actions in support of criminal judgments. *See* 18 U.S.C. § 3613(a)(1).

***Motion to Modify Supervised Release (Dkt. 121, 130)***.

As a part of the judgment, the court ordered that Grigsby shall have not "have any contact with the victim and/or her family members to include her mother and brother." Grigsby asks that this order be modified to allow communication with his son and daughter. Grigsby again cites the temporary removal of the children from the mother's

custody as grounds for relief, and he asserts such contact will "assist the minor victim's emotional healing." Grigsby's motion is ostensibly brought pursuant to Fed.R.Civ.Pr. 32.1(b).

The court denies the defendant's motion. The defendant has advanced a similar argument twice before (Dkt. 100, 105). Each time, the court denied the request. The Tenth Circuit rejected Grigsby's argument on appeal, finding that he had failed to make any showing sufficient "to support modifying the prohibition of his contacting the minor victim, against whom he committed a multitude of abhorrent sexually-abusive acts, or any minor child for that matter." *United States v. Grigsby*, 579 F. App'x 680, 686 (10th Cir. 2014). This matter has already been resolved, and the court denies the defendant's motions.

The court notes Grigsby's citation to *United States v. Bear*, 769 F.3d 1221, 1229 (2014), in which the court observed that generally limitations of family relations are to be granted only in compelling circumstances. In *Bear*, however, the court stressed the remoteness of the prior sexual offense:

> The government presented no evidence that in the twelve years since Mr. Bear's sex offense conviction he has committed any sexual offense, displayed a propensity to commit future sexual offenses, or exhibited a proclivity toward sexual violence.... Under these circumstances, Mr. Bear's 2001 conviction for sex offenses is simply too remote in time....

These factors are not present here. The victim and her brother are minors, and the offenses were recent. The actions committed by Grigsby were particularly heinous, and occurred over an extended period of time. As the Tenth Circuit noted, Grigsby's request to modify the no contact requirement "is woefully premature, given he only began serving his

260–year sentence in 2013."

***Appointment of Counsel (Dkt. 131)***.

The court hereby denies defendant's request for appointment of counsel to represent him in the garnishment action. That action, seeking to give effect to an order of restitution pursuant to 18 U.S.C. § 3613(a), is essentially civil in nature. Under the statute, if the defendant fails to make the required payments, the court is authorized to grant collection orders, including garnishment, "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *See United States v. Badger*, 581 F3d.Appx. 541, 543 (6th Cir. 2014); *United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) ("Although the MVRA [Mandatory Victim Restitution Act] is a criminal statute, it expressly, albeit tortuously, provides that the FDCPA's civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA"). *Cf. United States v. Schad*, NO. 97-5003, 1998 WL 193129, *2 (10th Cir. April 22, 1998) (private party seeking restitution under Victim Witness Protection Act, 18 U.S.C. § 3663 *et seq.* is precluded from directly joining criminal action, but may "obtain garnishment ... through a separate civil action").

Or course, a government's garnishment action *may* be criminal in nature where the defendant's challenge to the garnishment is actually an attack on the underlying conviction itself. *See United States v. Stefanoff*, No. 97-7044, 1998 WL 327888 (10th Cir. 1998). As noted earlier, however, Grigsby's challenge to the order of restitution itself is plainly barred by

the prior orders of this court and the Tenth Cicuit. His remaining objections and claims of

exemption are limited to attacking the garnishment of the IBEW pension account as a valid

civil remedy.

There is no right to counsel in civil actions. *See Castner v. Colorado Spgs. Cablevision*,

979 F.2d 1417, 1420 (10th Cir. 1992). Further, Grisgsby has presented no potentially valid

legal argument against the garnishment which requires the assistance of counsel. The

issues before the court are not complex, and the defendant has demonstrated that he is well

able to present arguments on his own behalf.


**Mandamus (Dkt. 131, 143).**

The defendant seeks orders of mandamus requiring the use of particular mailing

procedures. Such writs are extraordinary matters, and are granted only in extraordinary

circumstances. *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 199). "[T]he party seeking

mandamus has 'the burden of showing that its right to issuance of the writ is "clear and

indisputable."'" *Will v. United* States, 389 U.S. 90, 96 (1967). (quoting *Bankers Life & Cas. v.

Holland*, 346 U.S. 379, 384 (1953) (quoting *United States v. Duell*, 172 U.S. 576, 582 (1899))).

Here, the defendant has done nothing more than indicate a *preference* for certain mailing

procedures. There is no showing that existing mailing procedures have actually harmed

defendant in any way, and the request for a writ of mandamus is denied.


**Stay (Dkt. 131).**

Citing five legal actions in the court and State of Kansas, including his separate action against Jesse Lemuz, the defendant asks the court to stay the garnishment proceeding "until the the conclusion through exhausted appeals" because they may "affect the amount of [his] liquid assets [or] his ability to pay fines or restitution." (Dkt. 131, at 6).

The court denies the request for a stay. The order of restitution itself, including the amount owed,  is final and non-appealable. The matter is before the court solely pursuant to the limited mandate from the Tenth Circuit to determine whether changes in Grigsby's economic circumstances warrant a modification of the restitution order. The court finds no changes which would warrant any modification. None of the cited cases will alter the defendant's obligation to pay restitution, and the court finds that the government's right to proceed against the pension account will not be affected by the cited litigation.

***PreSentence Report (Dkt. 132, 139).***

Defendant has moved to modifiy the Presentence Report. In support of his motion, the defendant relies on a prior verison of the Federal Rules of Criminal Procedure, Rules 36 and  32(c)(3)(d). The latter rule required written rulings as to the defendant's challenges to the contents of a PSR, is only applicable to offenses occurring before November 1, 1987. The current version of the rule is Rule 32(i)(3)(B). As with the earlier version, the rule still requires formal resolution of a defendant's challenge to a PSR. However, the Rule provides the court should make this resolution "[a]t sentencing." Rule 32(i)(1). Further, the Rule requires that such objections to the contents of a PSR must be [w]ithin 14 days after

8

receiving the presentence report." Rule 32(f). The defendant's challenge to the contents of the PSR under Rule 32 is untimely.

Rule 36 provides that "at any time" the court may "correct a clerical error" in the record. For purposes of Rule 36, a clerical error means that "the court intends to do one thing but through clerical mistake or oversight does another." *United States v. Buendia–Rangel*, 553 F.3d 378, 379 (5th Cir.2008). They are errors "of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Penson*, 526 F.3d 331, 335 (6th Cir.2008) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir.2004)

The errors cited by Grigsby are substantive in nature, not clerical. They involve the type of firearm in his possession, his use of aliases, and his criminal history. Under Rule 32(f)(1), Grigsby had 14 days to challenge the substantive information in the PSR after he received it.[1]

---

[1] The court notes that in his "Motion to Add Amendment" (Dkt. 139), in which Grigsby seeks leave to change his motion to modify the PSR, Grigsby identifies no particular error in the PSR. Rather, he complains about how the contents of the PSR have been allegedly misinterpreted by officers of the Bureau of Prisons. The court finds no misinterpretation, and in any event Grigsby cites no authority for the court's intervention in how the Bureau of Prisons interprets the contents of a PSR.

Further, Grigsby has submitted a "Motion for Production" (Dkt. 142) relating to the government's Response as to the motion to modify restitution, and asking for further time to reply. The court denies the request. A review of the relevant pleadings show indicate that all have been directly mailed to defendant at his current place of incarceration. In nearly a year of litigation, defendant has failed to show *any* justification for modification of the restitution order, and the court declines the request for further delay. Thus, except as specifically noted at the hearing with respect to the 30 day period as to the defendant's § 3664(k) motion, the request for further time is denied.

IT IS ACCORDINGLY ORDERED this 4th day of February, 2015, that the Motions of the Defendant relating to issues other than the change in restitution (Dkt. 121, 131, 132, 134, 139, 142, 143) are denied.


 s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE