IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America
        Plaintiff,

        vs.                                    Case No. 12-10174-JTM

Philip Grigsby
        Defendant.

MEMORANDUM AND ORDER

This matter came before the court on January 20, 2015, the court hearing argument relating to multiple motions filed on behalf of defendant Philip Grigsby, who was convicted of various child pornography counts, and sentenced to 260 years of imprisonment. By separate Order, the court has addressed the defendant's motions seeking to combat the garnishment order obtained by the government as to Grigsby's union pension. The present Order addresses defendant's request to modify the restitution previously imposed by the court.

In its Order resolving defendant's appeal, the Tenth Circuit reviewed what it termed the "procedural maze of motions" filed by defendant Grigsby and rejected each every challenge, with a single exception. The Tenth Circuit determined that this court did have

jurisdiction to hear Grigsby's motion to modify the order of restitution based upon a purported change in his economic circumstances. Under 18 U.S.C. § 3664(k), the court may modify a restitution order in the event of a "material change in the defendant's economic circumstances." This court had concluded that Grigsby, who asserted that his wife had subsequently lost custody of her two children in a state court proceeding, had failed to demonstrate any change in *his* economic circumstances which would support a modification of the restitution order.

The Tenth Circuit found that this court retained jurisdiction under § 3664(4) "for the purpose of changing the recipient of restitution payments for the benefit of, or in the interests of, a minor child." *United States v. Grigsby*, 579 Fed.Appx. 680, 685 (10th Cir. 2014). In reaching its conclusion, the court accepted Grigsby's representations that at the time of his motion Grigsby

> was involved in a divorce proceeding, which he intimated may affect the financial circumstances concerning his ability to pay restitution to the minor victim and her mother, and he further advised he was attempting in the divorce proceeding to create a trust for the benefit of the minor victim, of which the divorce court was aware. He also indicated his interest in placing the restitution payments into the trust, his own mother's willingness to provide monetary payments to the trust, and that he would possibly be placing his union pension benefits, bonds, coin collection, insurance benefits, and other monetary interests in such trust.

*Id.* While further observing that "this appears to be a matter more aptly dealt with by the divorce court," the court remanded the matter to this court for a hearing on whether the restitution order should be modified. *Id.*

The court hereby considers Grigsby's motion on the merits, and finds no basis for

modification of the restitution order in any respect. A defendant seeking modification of a restitution order under § 3664(k) has the burden to show the existence of a material change in his economic conditions. *See, e.g., United States v. Broadus*, No. 3:10-183-B, 2014 WL 4060048, *2 (N.D. Tex. Aug. 15, 2014). The resolution of a motion to modify a restitution order under § 3664(k) is committed to the discretion of the district court. *United States v. Coleman*, 276 Fed.Appx. 766, 767 (10th Cir. 2008) (citing *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir.2005)).

The court extended the defendant the opportunity to provide evidence or argument relating to the pending motions at the hearing conducted January 20, 2015, and deferred its ruling for an additional 30 days to permit defendant to supply any additional evidence. Defendant has not done so. The court notes that defendant has stressed the limitations on his freedom inherent in his status as an incarcerated person. However, as noted above, the burden is on the defendant to justify the modification of the restitution order. For nearly a year, he has failed to supply any evidence which would actually support his various assertions.

That Grigsby's wife has divorced him, or that his children have experienced difficulty in coping with the effects of his conduct, are hardly unexpected changes in the defendant's economic circumstances. It would be startling if these events had not occurred.

The trust now advocated by Grigsby is not a *change* in his economic circumstances. Nothing prevented Grigsby from suggesting such an arrangement prior to the court's order of restitution. Moreover, the trust is one in which Grigsby and his mother play official

3

roles. Grigsby only contributes monies to the trust "after legal expenses are met, to include pro se fees." Indeed, the trust explicitly gives Grigsby himself "an allowance to cover legal fees." Further, Grigsby has an explicit veto over "any change to the trust fund account, rules, and agreements." According to the trust proposal submitted by Grigsby's mother, there must be "unanimous approval of the court (Federal and State) *and the father of the children* as to the amounts of and times of withdrawals from deposits." (Emphasis added). Thus, the trust implicitly contradicts the court's determination that Grigsby is to have no contact with his victim or her brother, a decision the Tenth Circuit affirmed by its same order. 579 Fed.Appx. at 686 (Grigsby's request to modify the no-contact order was "woefully premature" and defendant had failed to show cause for "contacting the minor victim ... or any minor child for that matter").

There is no reason to conclude that the trust will accomplish restitution more efficaciously than the court's restitution order, combined with the government's recent garnishment action. The trust is simply a vehicle for Grigsby to otherwise delay the enforcement of the restitution order, and continue to manipulate and remain in contact with his victim.

Unlike the Tenth Circuit, which addressed the sole issue of whether this court has jurisdiction to modify the restitution order, this court in considering the merits is not obliged to assume that Grigsby's assertions are correct, or advanced in a good faith effort to protect the interests of the minor children. In concluding that they are not, the court takes note of that fact that the child in need of care custody matter was resolved, and the

4

children returned to their mother, months before the Tenth Circuit's ruling, yet Grigsby, a party to the action, apparently made no attempt to inform either the Circuit or this court of that event.

Defendant has not demonstrated a good faith effort to comply with the restitution order. His payments were small and temporary. His original conduct was heinous in the extreme. Based upon all the circumstances of the case, the court finds no basis for modifying the restitution ordered.

The defendant has also moved for leave to appeal in forma pauperis from the court's Order resolving the garnishment issues. The defendant's request is granted..

IT IS ACCORDINGLY ORDERED this 10th day of March, 2015, that the Motions of the Defendant relating to restitution (Dkt. 105, 128,) are denied; defendant's Motions to Proceed Without Prepayment of Fees (Dkt. 161, 163) are granted.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE