IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

        Plaintiff,

        vs.                       Case No. 12-10174-JTM

Philip Andra Grigsby,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Philip Andra Grigsby's Motion to
Vacate Sentence under 28 U.S.C. § 2255. The defendant pled guilty to multiple counts of
sexual exploitation of a minor, one count of viewing child pornography, and one count of
being a felon in possession of a firearm. Given the underlying facts of the case, the court
sentenced the defendant to a substantial term of imprisonment. (Dkt. 78). This sentence was
subsequent upheld following the defendant's appeal. (Dkt. 112).

In his present § 2255  motion, Grigsby argues that his plea was not knowing or
voluntary and that his counsel was ineffective in several respects. First, he contends that
he pled guilty "due to the misadvice [sic] and coersion [sic] of counsel." (Dkt. 173, at 5).
Second, he contends that counsel failed to investigate the case and failed to object to
witness testimony. (*Id*. at 6). Third, counsel allegedly "refused to argue evidence that

would strongly support [his] defense, allowed supporting evidence to be supressed [sic] by the prosecution, [and] allowed unsupported heresay [sic] and speculation to be used against [him]." (*Id*. at 8). Fourth, counsel refused to seek "a complete set of psychological evaluations" or to present various arguments. (*Id*. at 9).

Notably, the defendant presents his various arguments even as he acknowledges that he "does not assert innocence" of the crimes charged.

Grigsby elaborates on his arguments in a memorandum filed alongside his motion. With respect to his first argument, he claims that his trial counsel "discouraged" his requests for a jury trial, and after his plea was entered told the defendant that he could not withdraw his plea. Grigsby's second argument is devoted largely to his continued attack on the expert qualifications of consulting psychologist Jesse Lemuz. (Dkt. 174, at 5-11).

In support of his third argument, Grigsby argues that counsel erred in not securing the introduction of statements from the minor victim, failing to note supposedly "contradictory evidence in several documents and videos" or stress that in preliminary comments the minor victim reported that Grigsby did not "hurt" her. (*Id*. at 12). He further tries to cast blame on the minor victim, claiming that she "engag[ed] in sexual chats on her own." (*Id*. at 13).

He complains that counsel failed to obtain "a polygraph, a complete psychological evaluation, or a psychosexual evaluation" under 18 U.S.C. § 3552. He complains particularly that counsel did not obtain the return of various forfeited computer and video equipment and did not object to leading inquiry by the government as to his firearm

possession. He also claims that in other cases defendants have received lesser sentences.

None of the cited grounds justifies the relief sought. Grigsby knowingly and voluntarily pled guilty to eight counts of sexual exploitation of a nine-year-old child for the purpose of producing visual depictions in violation of 18 U.S.C. § 2251(a), one count of possessing with intent to view child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He did so without any plea agreement. He did so in in light of the overwhelming evidence against him. He did so in conjunction with a petition in which he swore that his plea of guilty was free and voluntary — and that the sentence imposed was entirely up to this court. He knew he could not withdraw his plea if he received a sentence greater than the one he hoped for.

The sentence imposed was consistent with a correctly-calculated Presentence Investigation Report. And the sentence was found to be procedurally and substantively reasonable by the Tenth Circuit, in light of all the circumstances of the case. *See United States v. Grigsby*, 749 F.3d 908 (10th Cir. 2014).

As the court ensured in its review of the defendant's petition and during the plea colloquy, the defendant's plea was knowing, intelligent, and voluntary. (Dkt. 30, 34). He fully understood the nature of each of the ten counts against him, and the possible sentence which might be imposed for his crimes. Counsel had discussed with the defendant the nature of the charges and his rights under law. Defendant acknowledged that no promises were made to him about the sentence he would receive. He understood all the rights he

would be waiving in the event the plea was accepted. The defendant's plea was fully voluntary, he understood the charges and possible penalties, and swore to the court that, "I accept responsibility for them all."

Because the record establishes that his plea was knowing, intelligent, and voluntary, the defendant may not attack that plea through a subsequent action for collateral relief. See *Howell v. United States*, 355 F.2d 173, 175 (10th Cir. 1966). A defendant's claim for such relief premised on ineffective assistance of counsel must show "his counsel's performance was so prejudicial that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See United States v. Ruth*, 100 F.3d 111, 113 (10th Cir. 1996).

Here, Grigsby has presented no indication that counsel was either ineffective in any specific respect, or that this worked any prejudice to him. The sentence imposed upon the defendant was premised on the heinous facts of the case *as pled to and agreed to by the defendant* before and during the plea colloquy.

The defendant's attempt to escape the consequences of his action — as reflected in his civil action against psychologist Lemuz,[1] or by his advancement of various doubtful or minor evidentiary issues which might have arisen had the case proceeded to trial — cannot

---

[1] Following his conviction, Grigsby commenced a civil rights action against Lemuz for fraudulent mispresrepresentation and malpractice, seeking $11 million in damages. The district court dismissed the action, finding that Lemuz was immune to the claim predicated on his testimony. The Tenth Circuit recently upheld this determination, finding further that the appeal itself was frivolous under 28 U.S.C. § 1915(g). *Grigsby v. Lemuz*, No. 15-3057 (D. Kan. Feb. 2, 2015) (Dkt. 8), *aff'd*, No. 15-3057 (July 15, 2015).

erase the fact that the defendant freely and voluntarily pled guilty to the ten charges reflected in the judgment.

As to the extent of the sentence imposed, as noted earlier, the Tenth Circuit determined the sentence was not unreasonable in light of the facts of the case. The defendant's present complaint that other defendants in other cases received lighter sentences (Dkt. 174, at 20-21) also provides no grounds for relief. First, the claim that the abuse in those cases was "as severe or more so" than that which he committed is false, given the defendant's actions. Second, the cited cases simply hold that the sentence imposed in each case was not unreasonable — they do not serve to establish some sort of theoretical *maximum* sentence which may be imposed in all cases of the criminal exploitation of children.

Given the manifest lack of merit to defendant's motion for relief, no evidentiary hearing on Grigsby's Motion to Vacate is required. *See United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995). Further, since Grigsby has failed to present any substantial claim of a denial of a constitutional right, or raise an issue of debate among reasonable jurists, the court will not issue any certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After the conclusion of the briefing process on this Motion to Vacate, Grigsby renewed his attack on his conviction by filing a "Motion to Amend Previous Memorandum of Law." (Dkt. 179). While styled as an "amendment," the pleading in fact reflects an entirely new substantive attack on his sentence. Grigsby argues that his due process rights

were violated by the application of sentencing enhancements, relying in particular on the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Grigsby argues the enhancements used were impermissibly vague, since "speculation and conjecture [were] used throughout his case," and stresses that his "crimes of conviction have statistically the lowest recidivism rate of 'ALL' other crimes." (Dkt. 179, at 2).

The court finds no merit in Grigsby's argument. In *Johnson*, the Court addressed the constitutional validity of the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 922(g). The ACA provides for a mandatory minimum sentence of 15 years if a defendant has committed a "violent felony" on three previous occasions, and the residual clause defines such a felony as "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Stepping back from earlier decisions attempting to interpret the residual clause, the Court held in *Johnson* that the clause was unconstitutionally vague, as it "leaves grave uncertainty about how to estimate the risk posed by a crime [and] ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." 135 S.Ct. at 2557. Further, the clause "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558.

*Johnson* is inapplicable to Grigsby's sentence. The defendant was appropriately sentenced in light of the standards set forth in 18 U.S.C. § 3553, defendant's own heinous conduct, and the utter absence of mitigating factors. (Dkt. 61). The enhancements applied

to the defendant's base offense level for the production of possession of child pornography (USCG 2G2.1(b)(1)(A), (b)(2)(A), (b)(3), (b)(4), (b)(5), and (b)(6)(I), along with 4B1.5(b)(1)) were all premised on facts which were established beyond any reasonable doubt. The sentence imposed was not premised on any impermissibly vague rule of law.

By separate motion, Grigsby has asked that the court permit the release of certain documents bearing the names of minor children "in order to prepare motions and briefs," and asks that "the United States Attorneys office in Wichita be considered the sole interested party/counsel of record." (Dkt. 171, at 1). Grigsby names individual government attorneys and states that they "could be considered a single entity." Grigsby has failed to show that any specific document was kept from him, the materiality of such document, or the need for a designation of the government attorneys as a "single entity." He has fully explained, in briefs which do not reference the identities of the minors involved, why he wants his sentence vacated. As noted earlier, the court finds these reasons insufficient. The court finds no basis for granting the relief sought.

Finally, after the submission of his § 2255 motion and brief in support, Grigsby moved for production of various pleadings which were previously filed as sealed. (Dkt. 176). But Grigsby makes no attempt to explain how the documents would actually support his § 2255 motion, merely invoking the *hope* that it would permit "expanding the listed four grounds of ineffective assistance [by obtaining] testimony and qualifications of Jesse J. Lemuz [the consulting psychological expert], medical exams, psychological exams, and statements of the victim." (*Id*. at 5).

The court finds no basis for the relief sought. The sealed documents relate to matters which are not relevant to the arguments presented in Grigsby's § 2255 motion. For example, sealed documents 36 and 39 reflect the government's response to Grigsby's request to access the computer containing pornographic images of the minor victim. The defendant was then represented by capable and experienced counsel, and as noted earlier, the court finds on the basis of the plea colloquy that counsel kept defendant apprised of the key issues in the case. The court heard evidence and argument relating to the defendant's motion for access, which defendant attended, and ultimately issued an order *granting* limited access to the computer. (Dkt. 46, 47).

Other sealed documents (Dkt. 64, 65, 68) reflect the briefs arguing for or against the defendant's subsequent Rule 17(b) motion seeking access to the counseling records of the minor victim. Unlike the prior motion for access to the computer, the court denied defendant's motion for access to the counseling records. (Dkt. 69). However, Grigsby has made no attempt to show how this conclusion was in any way erroneous. As with the pleadings relating to the computer access motion, the court finds no basis whatsoever for suggesting that defense counsel failed to share the underlying information with his client, or that counsel acted in manner other than professionally and as effectively as the circumstances of the case would permit.

Another class of documents sought by Grigsby involve issues addressed at sentencing. (Dkt. 59, 61, 72, 74). The court ensured by careful inquiry with the defendant that his plea was knowing and voluntary, and further that the defendant knew all the

relevant issues surrounding his sentencing.

Finally, the defendant seeks some documents (Dkt. 145, 148, 150) which were filed under seal long *after* the defendant's conviction, and relate to a modification to the court's discovery order. The court granted the government's request to modify the discovery order, providing for the return of certain evidence from the Federal Public Defenders Office to the government. The underlying evidence was not used against the defendant, who knowingly and voluntarily pled guilty to the evidence against him, and the court correctly and appropriately authorized the return of the evidence for good cause shown. The underlying evidence in no way lends support to the defendant's contention that his trial counsel was ineffective.

Given the sensitive nature of the case, there were in fact relatively few *substantive* pleadings filed under seal in the present action. Many of the docket entries identified by Grigsby are simply sealed motions for leave to file another motion or pleading under seal. As to each of the substantive issues which were addressed under seal, the court finds that Grigsby was fully informed of the matter involved, that there is no basis for finding the court's resolution of the issue was in any way erroneous, and that counsel was in no way ineffective under the circumstances of the case. The defendant's motion (Dkt. 176) for a generalized unsealing of all matters in the case is denied.

The court hereby grants the defendant's request to proceed in forma pauperis (Dkt. 172). The court denies his Motion to Stay the action, premised on the fact the government "failed to serve Mr. Grigsby ... *as pro-se counsel*" with its response to his § 2255 motion, as

opposed to simply mailing the pleading to him. (Dkt. 177, at 1-2) (emphasis added). The record indicates that, however it was delivered to him, the defendant did in fact receive the government's response, and was able to fashion a timely reply brief. (Dkt. 178).

IT IS ACCORDINGLY ORDERED this 5th day of November, 2015, that defendant's Motion for Leave to Proceed (Dkt. 172) is granted; the defendant's Motion for Release of Documents (Dkt. 171), Petition to Vacate, Request of Evidentiary Hearing, and for Certificate of Appealability (Dkt. 172), Motion to Unseal (Dkt. 176), Motion to Stay (Dkt. 177), and Motion to Amend or Correct (Dkt. 179) are denied.

_____ s/ J. Thomas Marten _____
J. THOMAS MARTEN, JUDGE