IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                        Case No. 12-10174-JTM

Philip Andra Grigsby,

    Defendant.

MEMORANDUM AND ORDER

Carmelita Christensen, who represents that she is the mother of defendant Philip Andra Grigsby, submitted an email to Accutrend Data Corporation asking for the "release of [his] property ... confiscated in 2012 upon his arrest." (Dkt. 230, at 1). This email was forwarded to the Clerk of the Court, and entered on the docket as a motion. Christensen does not indicate that she has any separate interest in the property, stating instead that she is seeking the property "as per his wishes." (*Id.*)

The motion is hereby denied. The property seized from the defendant is subject to a separate forfeiture order (Dkt. 207). The defendant's Sixth Amendment right to counsel does not include a right to be represented by a non-attorney lay person. *Fair v. Givan*, 509 F.Supp. 1086 (N.D. Ind. 1981). As a non-attorney, Christensen has no power to represent the interests or wishes of the defendant. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ("it is clear that an individual may appear in the federal courts only *pro se* or through counsel") (citing 28 U.S.C. §

1654). Courts possess inherent authority under Section 1654 "to control the conduct of cases before them" so as to prevent the unauthorized practice of law. *United States v. Peterson*, 550 F.2d 379, 384 (1977). Pleadings filed by non-lawyers on behalf of a litigant may be property stricken from the record. *Lewis*, 784 F.2d at 830.

IT IS ACCORDINGLY ORDERED this 26th day of July, 2016, that the Motion for Return of Property (Dkt. 230) is hereby denied. The Clerk of the Court shall return without filing any future communications by Ms. Christensen which purport to act for on behalf of the defendant.

      s/ J. Thomas Marten  
      J. THOMAS MARTEN, JUDGE