IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                      Case No. 12-10174-01-JTM

PHILIP ANDRA GRIGSBY,
    Defendant.

MEMORANDUM AND ORDER

Defendant Philip Andra Grigsby has moved for recusal of the undersigned pursuant to 28 U.S.C. § 455(a). Grigsby cites four facts in support of his motion. First, he complains that the court permitted the garnishment of his retirement plan, even though "The question of garnishing retirement plans have [sic] been denied throughout all the circuits including the Tenth Circuit." (Dkt. 242 at 1-2). Second, he complains that the court has "ignored or denied" motions filed by his mother, Carmelita Christensen. (*Id*. at 2). Third, he complains that the court's orders "have mostly been word for word the same verbage used by the prosecution." (*Id*.) Fourth, he states that he has filed judicial complaints against the undersigned.

Under 28 U.S.C. § 455, a judge must disqualify himself "in any proceeding in which

his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party...." 28 U.S.C. § 455(a) & (b)(1). The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

The court finds no basis for recusal. The first three of the facts claimed by Grigsby are simply false. With respect to the garnishment of a criminal defendant's retirement account, this court's decision was affirmed by the Tenth Circuit two days before Grigsby's motion. *See United States v. Grigsby*, 2016 WL 7118315, *6 (10th Cir. Dec. 7, 2016) ("we ... affirm the district court's order requiring IBEW Local No. 661 to liquidate Mr. Grigsby's retirement account and pay the proceeds to the clerk of the court"). The court has not ignored filings by Carmelita Christensen. Rather, the court has denied such pleadings, finding on the record that Christensen, as a non-attorney, has no standing to file motions on behalf of Grigsby. (Dkt. 233). And while the United States indeed prevailed on many of the motions filed in the case, this is simply a function of the numerous motions filed by defendant which lack any merit.

This leaves the fact that the defendant has indeed filed complaints against the undersigned. Notably, Grigsby does not even attempt to argue the validity of any of the underlying arguments in those complaints. Nor does he note that his claims have been rejected by other judges. *See Grigsby v. Marten*, No. 15-3282-SAC, 2016 WL 2941387 (D. Kan. May 20, 2016). "A party cannot manufacture grounds for recusal by fantastic allegations,

by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge." *Royer v. Pennsylvania State Univ.*, 2012 WL 956422, *1 (W.D. Pa. Feb. 28, 2012) (citations omitted). "[W]here the allegations [in an ethics charge] are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." *Mellow v. Sacramento Cnty.*, 2008 WL 2169447, at *3 (E.D.Cal. May 23, 2008)). The court finds that a reasonable person familiar with the facts and history of the action would not question the impartiality of the undersigned.

By a separate petition, Carmelita Christensen now seeks relief from the court with respect to certain forfeited property. Unlike the earlier pleadings submitted by Christensen, in which she sought to act on behalf of the defendant, Christensen's latest filing at least purports to vindicate her own interests.

The court entered its preliminary order of forfeiture on January 30, 2013. (Dkt. 49). The government properly published notice of the pending forfeiture from March 26 to April 24, 2013, and further gave notice to all third parties within thirty days of their right to a hearing to adjudicate the validity of any alleged legal interest in the property. No person sought such hearing or gave notice of any interest in the party, and the court subsequently entered its Final Order approving the forfeiture. (Dkt. 207).

On December 19, 2016, long after these events, Carmelita Christensen moved for a return of "all property" forfeited to the government, stating that the defendant "is in debt to [her] for money borrowed." Christensen offers no support for the alleged debt, nor does

she offer any indication that the supposed debt has been reduced to judgment by any court. As such she has no standing to recover the forfeited property. *See United States v. Ceballos-Lepe*, 977 F.Supp.2d 1085, 1089 (D. Utah 2013) (general, unsecured creditors of a defendant lack standing to contest a forfeiture). Moreover, Christensen made no claim against the property within the time permitted by 21 U.S.C. § 853(n)(2). *See United States v. Lester*, 2008 WL 732897, *3 (D. Kan. March 18, 2008) (under the statute, a third party has "only 30 days from the final publication notice in which to petition the court"). The Petition is denied as untimely.

IT IS ACCORDINGLY ORDERED this 23rd day of December, 2016, that the defendant's Motion for Recusal (Dkt. 242) and the Petition of Carmelita Christensen (Dkt. 243) are hereby denied.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE