IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                        Case No. 12-10174-JTM

PHILIP ANDRA GRIGSBY,

    Defendant.

MEMORANDUM AND ORDER

Upon his conviction for multiple counts of sexual exploitation of a nine-year-old child, the court sentenced defendant Philip Grigsby to a lengthy term of imprisonment. (Dkt. 78, 98). The court also prohibited Grigsby from "any contact with the victim and/or her family members to include her mother and brother." (Dkt. 78, at 3; 98 at 3). In one of his many subsequent motions challenging various aspects of his conviction and sentence, Grigsby sought modification of the court's no-contact order. The court denied the relief sought, and the Tenth Circuit upheld this conclusion, writing that the motion was both "woefully premature, given he only began serving his 260-year sentence in 2013," and that he had failed to provide "any legitimate change in circumstance to support modifying the prohibition of his contacting the minor victim, against whom he committed a multitude of abhorrent sexually-abusive acts, or any minor child for that matter." *United States v.*

*Grigsby*, 579 Fed.Appx. 680, 686 (10th Cir. 2014).

This matter is now before the court on Grigsby's *pro se* "Motion for Judicial Notice of Jurisdiction." (Dkt. 248). Grigsby states that he "is currently involved in state court Proceedings for monitored correspondence and telephone calls with his children." (*Id*. at 2). He asks that this court issue "notice of who holds jurisdiction of the following questions," which he then recites:

> Can Mr. Grigsby's wife (Tammy Grigsby ) request and be granted the no contact order be lifted?, Can the United States District Court for the District of Kansas, Wichita remove the no contact order if and when Tammy Grigsby requests the no contact order to be lifted?, Can the State of Kansas District Court (divorce) assume jurisdiction of the no contact order after the United States District Court vacates the no contact order?

(*Id*. at 3).

All of the defendant's questions are hypothetical, premised on a *possible* motion by defendant's former wife, a motion which is not before this court. The defendant's motion essentially asks for an advisory opinion as to how to lift the no-contact order, which the court is prohibited from doing. *See U.S. Liability Ins. Co. v. Selman*, 70 F.3d 684, 694 n.9 (1st Cir.1995) ("courts have no obligation to answer hypothetical questions"); *Tribute Real Estate, LLC v. United Artist Theatre Circuit, Inc.*, No. 10-CV-106-JJB, 2012 WL 1590042, at *1 (M.D. La. May 4, 2012) (answering "a hypothetical decision would stand at odds with the Article III prohibition against federal courts issuing advisory opinions").

IT IS ACCORDINGLY ORDERED this 25th day of April, 2017, that the defendant's Motion for Judicial Notice (Dkt. 248) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE