IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                    Case No. 12-10174-JTM

PHILIP ANDRA GRIGSBY,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on two motions by defendant Philip Andra Grigsby. The defendant was convicted in 2013 of numerous sex-related offenses and sentenced to a substantial term of imprisonment. The first motion (Dkt. 268) recently filed by defendant asks for modification of his Pre-Sentence Report (PSR). The second, denominated a Fed.R.Civ.Pr. 60(b) motion to set aside judgment, attacks his conviction. The extensive history of the present action has been summarized in prior rulings of the court, and need not be repeated here.

The court hereby denies defendant's request that "that his PSR be corrected." (Dkt. 268, at 2). The PSR (Dkt. 57) was entered March 21, 2013. The court has previously upheld

the PSR as substantially correct and denied defendant's prior motion to modify the report. (Dkt. 156). Defendant's current motion is based on nothing more than a March 17, 2017 report by a worker in the Bureau of Prisons Psychological Services Section. This document simply sets out the worker's *interpretation* of the PSR, but offers nothing in the way of any independent information showing that the PSR was erroneous.

The defendant's second motion is based on the Indictment's alleged lack of specificity. Although styled as a Rule 60 motion, it is in fact a comprehensive attack on the conviction itself, and thus in reality is a successive 28 U.S.C. § 2255. *See United States v. Andrews*, 2018 WL 316988, *1 (10th Cir. Jan. 8, 2018); *United States v. Lara-Jimenez*, 2010 WL 126154, *1-2 (D. Kan. Jan. 12, 2010). Because the defendant has not received permission from the Tenth Circuit to file a second or successive 2255 motion, the court has no jurisdiction to address the merits of the motion. *See United States v. Avila–Avila*, 132 F.3d 1347, 1348–49 (10th Cir.1997); *see also* 28 U.S.C. § 2244(b)(3)(A).

The court has discretion whether to transfer the matter or to dismiss it. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). Because defendant's motion presents nothing in the way of new evidence or show any new, retroactive rule of constitutional law, the court in its discretion dismisses the motion rather than transferring it to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

2

IT IS ACCORDINGLY ORDERED this 12th day of January, 2018, that defendant's Motion to Correct (Dkt. 268) is denied; defendant's Motion to Set Aside (Dkt. 272) is dismissed.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE