IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                      No. 12-10174-JTM

PHILIP ANDRA GRIGSBY,
    Defendant.

MEMEMORANDUM AND ORDER

Defendant Grigsby moves the court (Dkt. 284) for reconsideration of its determination (Dkt. 281) not to issue a certificate of appealability with respect to modifying the Presentence Report (PSR).

Earlier, the defendant had moved to modify the order prohibiting the defendant from contacting the victim or her brother, with the defendant stressing his efforts at rehabilitation. The court found that while defendant's participation in rehabilitation programs were commendable, it also noted the absence of evidence "that his participation in the programs is to the point where his treatment providers are recommending contact with his children," or that it would be in their best interest. (Dkt. 267).

The defendant then moved to modify the PSR to stress that the victim and her brother were not *his* children, citing a recent internal Bureau of Prisons assessment of the PSR by a psychological services officer, which indeed noted that the PSR "does not

indicate that Mr. Grigsby's victim was his daughter." The court denied the request, holding that this 2017 interpretation of the PSR provided no valid basis for amending the earlier document. (Dkt. 274). On February 2, 2018, the court declined to issue a certificate of appealability as to the issue. (Dkt. 281).

The court hereby denies the defendant's motion to reconsider the denial of the request for a certificate of appealability on the issue as to modifying the PSR. For the reasons stated in its earlier court order, reasonable jurists would not find the issue a matter of dispute. The PSR provides a valid summary of the action, (Dkt. 274, at 2, finding defendant's showing "offers nothing in the way of any independent information showing that the PSR was erroneous"), which has been upheld against numerous prior objections advanced by the defendant. It should not be amended at this late date.[1]

By separate motion, Grigsby challenged the indictment as impermissibly vague. (Dkt. 272). Although it was denominated as a motion for relief under Rule 60(b), the court determined that the defendant was essentially attacking his conviction itself, and was properly construed as a successive motion for relief under 28 U.S.C. § 2255, filed without leave of the court. Accordingly, the court denied the motion. (Dkt. 274, at 2-3).

---

[1] The issue in any event does not affect the court's separate conclusion with respect to the no-contact provision in the Amended Judgment. While the court again commends defendant's participation in rehabilitation programs, this must be weighed against other factors, included the heinous and depraved nature of the defendant's offenses, the extreme youth of minor victim when the offenses occurred, and the absence of any sign that the persons protected by the no-contact order wish to resume contact with the defendant. Considering all of the circumstances of the case, the court concludes modification of the no-contact order is unjustified at this time.

The Tenth Circuit subsequently issued a limited remand with respect to whether to issue a certification of appealability on the issue (Dkt. 280). In the same order in which it denied defendant's request for a certificate as to amending the PSR, the court concluded that the same result should hold true as to the proper construction of Grigsby's attack on his conviction.

To the extent that defendant's motion to reconsider the issue of appealability might also extend to his Rule 60(b) issue, the court also declines such relief. Defendant's motion argues the Indictment was fatally vague by failing to provide his specific information as to the nature of the charges against him, claiming the indictment provides only "broadly-worded and factually sparse child pornography" language. (Dkt. 272, at 15). The defendant supplies no authority which would support the conclusion that similar charging language is fatally flawed. Generally, it is sufficient for an indictment to set forth the offense in the language of the statue. *See United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014). Nor does defendant supply any rationale for failing to advance this argument until long after his conviction. The court finds no merit in the argument, and declines to issue a certificate of appealability on the issue.

IT IS ACCORDINGLY ORDERED that defendant's Motion to Reconsider (Dkt. 284) is hereby denied as provided herein.

  s/ J. Thomas Marten  
J. Thomas Marten, Judge
