IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES AMERICA,
        Plaintiff,

vs.                                                         No. 12-10174-JTM

PHILIP ANDRA GRIGSBY,
        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Philip Grigsby's request that "all cases involving [him] be sealed for his protection." (Dkt. 302, at 2). He makes the request stating that "his safety could be in question" if he is transferred from his current place of imprisonment.

In the United States, "historically both civil and criminal trials have been presumptively open." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17 (1980). Accordingly, even in civil cases there is "a presumption that the public has a common-law right of access to judicial documents." *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978)). "This presumption 'stems from the premise that public monitoring of the judicial system fosters the important values of 'quality, honesty and respect for our legal system.'" *United States v. MasMarques*, No. 09-10304-MLW, 2015 WL 5609957, at *2 (D. Mass. Sept. 22, 2015)

(quoting *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 9–10 (1st Cir. 1998)). "[P]ublic monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." Siedle v. Putnam Investments, Inc., 147 F.3d 7, 9-10 (1st Cir. 1998) (quotation omitted). Sealing an entire civil case is justified only in "extraordinary circumstances." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

The rule of access is even stronger in criminal cases, to which the press and public enjoy a First Amendment right. *Globe Newspaper Co. v. Superior Court for the County of Norfolk*, 457 U.S. 596, 603, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir.2001). The Supreme Court has recognized that open criminal proceedings are an "indispensable attribute of an Anglo–American trial" for centuries. *Richmond Newspapers*, 448 U.S. at 569. Public access is "rooted in the 'principle that justice cannot survive behind walls of silence,' and in the 'traditional Anglo–American distrust for secret trials.'" *Gannett Co. v. DePasquale*, 443 U.S. 368, 412, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979) (quoting *Sheppard v. Maxwell*, 384 U.S. 333, 349, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), and *In re Oliver*, 333 U.S. 257, 268, 68 S.Ct. 499, 92 L.Ed. 682 (1948)) (Blackmun, J. concurring in part); *See also Richmond Newspapers*, 448 U.S. at 591 (Brennan, J., concurring) (noting "the universal requirement of our federal and state governments that criminal trials be public") (quoting *Oliver*, 333 U.S. at 273). And "Congress has recognized a 'compelling public need' to keep criminal records publicly available." *MasMarques*, 2015 WL 5609957 at *2 (quoting *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977)).

Grigsby's motion fails to not this very heavy burden. The only authority cited in his motion is a photocopy "Notice to Inmates," ostensibly issued by the Bureau of Prisons, stating that the BOP "does not have the authority to determine whether to seal a case," and stating that inmates "may send a written request to the Court which decided their case asking to court to seal their case." (Dkt. 302, at 4). There is no indication that the Notice is an official Bureau of Prisons document, but assuming this to be the case, it does nothing more tell inmates the BOP has no authority to seal cases.

The motion before the court presents nothing to warrant sealing other generalized security concerns which might be present in any case involving child sexual abuse. The sealing of judicial records cannot be justified on "generic interests that would apply with equal force to every case." *United States v. Apperson*, 642 F. App'x 892, 904 (10th Cir. 2016).

IT IS ACCORDINGLY ORDERED this day of December, that defendant's Motion to Seal (Dkt. 302) is denied.

<br>

J. Thomas Marten
J. Thomas Marten, Judge