IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                          No. 12-10174-JTM

PHILIP ANDRA GRIGSBY,
    Defendant.


MEMORANDUM AND ORDER

Defendant Philip Andra Grigsby pled guilty to eight counts of sexual exploitation of a child, one count of possession of child pornography, and one count of felon in possession of a firearm, and was sentenced to a lengthy term of imprisonment. (Dkt. 78). Grigsby subsequently challenged his conviction both on direct appeal (Dkt. 80) and in a subsequent collateral attack under 28 U.S.C. § 2255. (Dkt. 173).[1] The matter is now before the court on the defendant's Motion to Withdraw Guilty Plea. (Dkt. 314).

Under Fed.R.Crim.P. 11(e), once a sentence has been imposed, the court may set aside a plea of guilty only as a consequence of a direct appeal or collateral attack. Thus, although styled a motion to withdraw his guilty plea, the defendant's motion is in effect

---

[1] The Tenth Circuit has denied defendant's reqeusts for authorization for successive § 2255 motions in 2017 (Dkt. 255) and 2018 (Dkt. 296).

a request for relief under 28 U.S.C. § 2255, and is subject to the jurisdictional constraints on successive requests for relief under 28 U.S.C. §§ 2244(b)(3) and 2255(h). *See United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015) (motion to withdraw guilty plea treated as second or successive petition); *United States v. Mata-Soto*, 2018 WL 1877468, *2-3 (D. Kan. April 19, 2018) (finding motion to withdraw plea was barred as a successive collateral attack as an attack on defendant's underlying conviction).

Given the successive nature of Grigsby's collateral motion, this court may dismiss the motion, or transfer it to the Tenth Circuit if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Dismissal rather than transfer may be appropriate where the defendant's claim would not meet the authorization standards of 28 U.S.C. § 2255(b). *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). That provision authorizes a successive collateral motion where there is newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense; or where there is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The court declines to transfer the motion to the Tenth Circuit for the determination of whether to authorize a successive § 2255 motion. Here, Grigsby cites no newly discovered evidence, and argues instead that his plea was invalid because he did not "know" he was a felon in possession of a firearm, citing *United States v. Rehaif*, 139 S.Ct.

2

2191 (2019), in which the Supreme Court interpreted the "knowingly" requirement of § 922(g). But *Rehaif* presented a question of statutory interpretation rather than constitutional rights, *see United States v. Class*, 2019 WL 3242381, *7 (D.C. Cir. July 19, 2019), and moreover has not been made retroactively applicable to cases on collateral review. *See United States v. Shobe*, 2019 WL 3029111, *2 (N.D. Okla. July 11, 2019) (dismissing for lack of jurisdiction § 2255 claim premised in part on *Rehaif*).

The court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Such a certificate may issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

Finally, the court declines defendant's request for appointment of counsel, as such appointment would in no way avoid the conclusions otherwise reached herein.

IT IS ACCORDINGLY ORDERED this day of July, 2019, that defendant's Motion to Withdraw Guilty Plea and for Appointment (Dkt. 314), which the court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255, is DISMISSED for lack of jurisdiction, and that a certificate of appealability as to the ruling on defendant's Section 2255 motion is DENIED.

s/ J. Thomas Marten
J. Thomas Marten, Judge