IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                           No. 12-10174-JTM

PHILIP ANDRA GRIGSBY,
    Defendant.

MEMORANDUM AND ORDER

Defendant Philip Andra Grigsby pled guilty to eight counts of sexual exploitation of a child, one count of possession of child pornography, and one count of felon in possession of a firearm, and was sentenced to a lengthy term of imprisonment. (Dkt. 78). Grigsby subsequently challenged his conviction both on direct appeal (Dkt. 80) and in a subsequent collateral attack under 28 U.S.C. § 2255. (Dkt. 173).

The matter is now before the court on several motions related to the no-contact order which was made a part of the judgment in the present matter. These motions reflect the latest effort by Grigsby to vacate the order prohibiting him from contacting his former wife and two children. The denial of these prior motions has been consistently upheld by the Tenth Circuit. *See United States v. Grigsby*, 630 F. App'x 838,

842 (10th Cir. 2015); *United States v. Grigsby*, 700 F. App'x 880 (10th Cir. 2017); *United States v. Grigsby*, 737 F. App'x 375, 378 (10th Cir. 2018).

In response to the present series of motions, the government argues that the court should deny relief because the court lacks jurisdiction, as Grigsby is challenging an aspect of his sentence, and thus effectively presenting yet another successive 28 U.S.C. § 2255 challenge. If the court does consider the matter as a request for relief under Rule 60(b), the government argues that it is untimely, as it was filed some six years after the judgment, and made without any showing of why the time limits of Rule 60(b) should be tolled. The government argues that the court had the inherent and independent power to impose such an order, and that after the passage of the victim's rights act, only a party protected by such an order — not the defendant — may petition for its removal. *See* 18 U.S.C. § 3771(e)(2)(B).

The court first determines that it should resolve the pending motions as requests for relief under Rule 60(b). The government's argument that the motions are actually attacks on the judgment itself does find some support in that document. Immediately after imposing the sentence of 260 years imprisonment, and still under the heading of "IMPRISONMENT," the Judgment provides: "The Court orders that the defendant does not have any contact with the victim and/or her family members to include her mother and brother." (Judgment, at 3). The court separately provided, as one of the Special Conditions of Supervision, that defendant: "Comply with prohibitions on contact with victim(s) of the offense," (*id*. at 6), but this restriction only applies when

2

Grigsby is on Supervision, which will occur "(u)pon release from imprisonment." (*Id*. at 4).

The government recognizes that in its most recent decision, the Tenth Circuit addressed the issue and determined the no-contact order "is a civil injunction pursuant to its ancillary jurisdiction—not a part of Grigsby's sentence that he must attack under § 2255." However, the government argues that this characterization is dicta, as the court proceeded to uphold the denial of the challenge to the order. Further, the government notes that other courts have upheld no-contact orders as part of an original sentence (*United States v. Morris*, 259 F.3d 894, 900 (7th Cir. 2001*); Capozzi v. United States*, 2014 WL 1572714 at *4–5 (D. Mass. Apr. 16, 2014)), and that the Tenth Circuit itself rejected a series of attacks by the defendant, including a challenge to the no-contact order by stating:

> To begin, the conditions of Mr. Grigsby's supervised release are *not part of the restitution judgment but part of his sentence*. However, when he appealed his sentence, Mr. Grigsby failed to contest the conditions of his supervised release, including the special condition prohibiting him from contacting the minor child. While Federal Rule of Criminal Procedure 32.1(b) allows a defendant to file for modification of a special condition of supervised release while still incarcerated, *see United States v. Pugliese*, 960 F.2d 913, 914–15 (10th Cir.1992), Mr. Grigsby's motion is woefully premature, given he only began serving his 260–year sentence in 2013, and he has not provided any legitimate change in circumstance to support modifying the prohibition of his contacting the minor victim, against whom he committed a multitude of abhorrent sexually-abusive acts, or any minor child for that matter.

*United States v. Grigsby*, 579 F. App'x 680, 686 (10th Cir. 2014) (emphasis added).

The court finds no substantial conflict. The first portion of the 2014 decision addressed Grigsby's attack on various aspects of the restitution judgment, and the cited passage simply differentiates the restitution aspect of the judgment from the sentencing portion. Even if the language of the 2018 decision might be viewed as dicta, is directly applicable and the court finds to reason to reach a different conclusion. The no-contact order is grounded on the court's ancillary civil jurisdiction, and may be addressed by a Rule 60(b) motion; it is not a successive § 2255 motion.

The court considers defendant's motion as presented pursuant to Rule 60(b), and denies it on the merits.[1] The defendant previously sought the removal of the no-contact order because "he has made substantial progress toward rehabilitation in prison." 737 Fed.Appx. at 378. The Tenth Circuit determined in 2018 that this was insufficient to require removal of the no-contact order. In reaching this decision, the court noted the particularly heinous nature of the defendant's offense, and noted that the court might reasonably require some objective evidence before modifying the order. *Id.*

The only thing different now is that this is 2020 rather than 2018. The particularly heinous nature of the underlying offenses has not changed. Again, Grigsby supports his motion for relief with generic and unconvincing subjective claims of rehabilitation.

The evidence presented in conjunction with Grigsby's voluntary plea of guilt establishes not only the incredible severity of the offenses, but that he accomplished

---

[1] Because the court finds that the motions should be denied on the merits, the court need not address the government's additional arguments that the motions are untimely under Rule 60(b), and barred by Section 3771 as an attack on a victim protection order.

4

these offenses though ruthlessness, deceit, and manipulation. After the conviction, the court modified the restitution judgment to include substantial assets which Grigsby tried to hide from the court. The government has supplied evidence showing that Grigsby has attempted to circumvent the no-contact order by Facebook posts. While the defendant claims this account was one maintained by his mother, the screenshots and other materials presented to the court establish convincingly that Grigsby was using the account to violate the order of the court.

The government argues (Dkt. 326) that the Facebook posts by themselves should be sanctioned by denying defendant's challenge to the no-contact order, and further asks that the court prohibit defendant from filing additional challenges without leave of the court.

Grigsby has separately filed a request for sanctions against the Assistant United States Attorney (AUSA) assigned to his case for "possible misconduct." (Dkt. 310, at 2). The motion is denied, as Grigsby provides no evidence or reasonable basis for even suggesting that the AUSA's contact with the Bureau of Prisons was anything other than a good faith effort to determine whether and to what extent Grigsby attempted to evade the no-contact order. Grigsby again merely offers his flat denial of the attempted circumvention, and a one-page excerpt from a BOP Disciplinary Report, which rejected his defense that the Facebook page actually belonged to his mother, finding he lacked credibility.

The court finds that it has jurisdiction to address the challenge to the no-contact order, but denies this motion on the merits. As a sanction, the court hereby restricts and bars defendant from filing, without prior authorization by the court, any further pleadings challenging the no-contact order for a period of two-years from the date of this Order.

In addition, Grigsby asks (Dkt. 320) for reconsideration of the court's Order (Dkt. 316) denying his motion to vacate and for appointment of counsel. The court dismissed Grigsby's § 2255 motion, determining that it was a successive collateral attack on his conviction, and thus the court lacked jurisdiction. The court also declined to transfer the motion to the Tenth Circuit, determining under the circumstances that a transfer was not justified. The defendant's present motion merely repeats or adds to arguments in support of his original motion. Accordingly, the motion for reconsideration is denied.

Defendant's motion (Dkt. 321) for leave to file an appeal in forma pauperis is denied as moot. Grigsby independently filed a notice of appeal (Dkt. 317), and the Tenth Circuit recently addressed the issue and denied leave to proceed without payment of costs. (Dkt. 332). The court also denied a leave for certificate of appealability on the issue.

IT IS ACCORDINGLY ORDERED this day of March, 2020, that the defendant's Motions for Removal (Dkt. 310), for Reconsideration (Dkt. 320), for Leave to Proceed (Dkt. 321), for Leave to Amend (Dkt. 323), for Order (Dkt. 327), and for Sanctions (Dkt. 330) are all hereby denied. The government's Sealed Request for Sanctions (Dkt. 326) is

granted as provided herein, and the Clerk of the Court shall give effect to the filing limitation set forth herein.

*J. Thomas Marten*
J. Thomas Marten, Judge