IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                           Case No. 12-10174-JWB

PHILIP ANDRA GRIGSBY,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for establishment of a restitution payment schedule (Doc. 354) and motion for review of a no-contact order (Doc. 355.) The motions are fully briefed and are ripe for decision. (Docs. 356, 357, 359, 360.) For the reasons stated herein, the motions are DENIED.

**I. Facts and Procedural Background[1]**

On November 15, 2012, Defendant pleaded guilty to eight counts (Counts 1-8) of knowingly persuading a 9-year-old child to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, using materials in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2251(a); one count (Count 9) of knowingly possessing matters containing visual depictions of minors, the production of which involved use of minors engaging in sexually explicit conduct and which depictions were of such conduct, and which had been shipped in interstate commerce by computer, in violation of 18 U.S.C. § 2252(a)(4)(B); and one count (Count 10) of knowingly possessing in or affecting commerce nine specified firearms

---

[1] The following is by necessity a partial summary. A review of the docket sheet indicates Defendant has filed a multitude of motions since being incarcerated and has taken at least fifteen appeals to the Tenth Circuit.

and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (Doc. 30.)

On May 20, 2013, the Hon. J. Thomas Marten held an evidentiary hearing before sentencing Defendant to a controlling term of 260 years imprisonment[2] — 30 years each on Counts 1-8 and ten years each on Counts 9 and 10, all counts to run consecutively — and certain other terms. (Doc. 78.) The court orally imposed a no-contact order that prohibited Defendant from having contact with the minor victim (Defendant's daughter) or the victim's family (including Defendant's son, the victim's half-sisters, and Defendant's (now ex) wife). (Doc. 88 at 29-30.) That determination was included in a judgment provision requiring "that the defendant does not have any contact with the victim and/or her family members to include her mother and brother." (Doc. 78 at 3.[3]) The court subsequently conducted a restitution hearing, after which it entered an amended judgment ordering Defendant to pay restitution in the amount of $126,440 to the minor victim and $13,560 to the victim's mother, for a total of $140,000. (Doc. 98.) The amended judgment added that payment of restitution was to begin immediately, with payments of not less than 10% of the funds deposited each month into the inmate's trust fund account, and payments of a specified percentage of Defendant's gross income in the event he was released from prison. (*Id.* at 8.) Defendant subsequently filed motions challenging the restitution order and the no-contact order, but they were denied by the district court. Defendant appealed his sentence; the Tenth Circuit affirmed it in April of 2014.[4] (Doc. 112.)

---

[2] The sentencing guideline range for the offenses would have called for life imprisonment but was limited by applicable statutory maximums to 260 years.

[3] The Tenth Circuit subsequently characterized this as a "standalone no-contact order," noting it was in addition to a condition of supervised release that Defendant comply with prohibitions on contact with the victim. (Doc. 348 at 2.)

[4] The Tenth Circuit judiciously "decline[d] to recount the heinous facts underlying Defendant's convictions" except to note that the offense level was enhanced because the crimes involved a family member under the age of 12 and material portraying sadistic or masochistic conduct or other depictions of violence. *United States v. Grigsby*, 749 F.3d 908, 909 n.2 (10th Cir.), *cert. denied*, 574 U.S. 887 (Oct. 6, 2014).

Defendant thereafter continued to file motions unsuccessfully challenging various aspects of the restitution and no-contact orders. In November of 2014, the Tenth Circuit remanded for the district court to determine whether Defendant had shown a change in economic circumstances warranting a modification of restitution payments under 18 U.S.C. § 3664(k). (Doc. 123.) At the same time, the Tenth Circuit rejected Defendant's challenge to the no-contact order, finding the challenge was "woefully premature" given that Defendant had only begun serving his 260-year sentence and had shown no reason to alter "the prohibition of his contacting the minor victim, against whom he committed a multitude of abhorrent sexually-abusive acts, or any minor child for that matter." *United States v. Grigsby*, 579 F.App'x 680, 686 (10th Cir. 2014). On remand, the district court denied Defendant's request for modification of restitution payments. (Doc. 165.) In a subsequent appeal, Defendant again challenged the district court's no-contact order, and the Tenth Circuit again found the request was premature and that Defendant had not identified any legitimate basis for modifying the condition. (Doc. 186 at 7.)

Defendant continued to file various motions, including challenges to the government's attempts to garnish Defendant's union pension plan — an asset which the district court found Defendant had purposely and fraudulently concealed at sentencing. Based upon the government's discovery of the pension plan, the district court determined Defendant's economic circumstances had changed and granted the government's request for an order for immediate payment of full restitution. (The court's initial order had only required periodic payments; it did not state that the full amount was due immediately.) (Docs. 216, 217.) The court also granted the government's motion to attach Defendant's retirement account and to apply it to the restitution obligation.

Various other motions, orders, and appeals followed. In December 2016, the Tenth Circuit rejected Defendant's challenge to the liquidation of his pension account, finding the district court

did not err in finding Defendant had knowingly concealed this asset and that discovery of the account amounted to a change in Defendant's economic circumstances under § 3664(k) warranting liquidation of the account and its application toward restitution. (Doc. 245.) In December 2017, the district court denied Defendant's motion to modify the no-contact order, noting Defendant had not shown that his institutional treatment providers recommended contact with his children or that such contact would be in their best interest. (Doc. 267.) The Tenth Circuit affirmed that ruling on appeal. In so doing, the Tenth Circuit noted that Defendant's request was not a motion to modify a condition of supervised release under § 3583(e), as he argued, because conditions of supervised release apply only after release from imprisonment. (Doc. 290 at 3.) Rather, the court said the no-contact order was "a civil injunction pursuant to [the court's] ancillary jurisdiction," and that Defendant's challenge was essentially a motion for relief from judgment under Fed. R. Civ. P. 60(b)(5). (*Id.* at 3-4.) The Tenth Circuit found the district court did not abuse its discretion in refusing to modify the no-contact order. Among other things, the circuit said that given the severity of Defendant's crimes, it was reasonable for the district court "to require more concrete evidence that contact between [Defendant] and his children would be in the children's best interest before modifying the no-contact order." (*Id.* at 5.) The court also rejected Defendant's argument that the restriction violated his constitutional right to familial association, saying Defendant should have raised that argument in direct appeal and could not raise it in a Rule 60(b) motion.

In March 2019 Defendant filed another motion to remove the no-contact order, arguing the district court had no authority to impose it. (Doc. 310.) He also filed several related motions. (*See* Docs. 320, 323, 327, 330.) On March 17, 2019, the district court denied the motions, finding the heinous nature of Defendant's crimes had not changed and that Defendant again supported his

motion "with generic and unconvincing subjective claims of rehabilitation." (Doc. 333 at 4.) The court further found:

> The evidence presented in conjunction with Grigsby's voluntary plea of guilt establishes not only the incredible severity of the offenses, but that he accomplished these offenses through ruthlessness, deceit, and manipulation. After the conviction, the court modified the restitution judgment to include substantial assets which Grigsby tried to hide from the court. The government has [now] supplied evidence showing that Grigsby has attempted to circumvent the no-contact order by Facebook posts. While the defendant claims this account was maintained by his mother, the screenshots and other materials presented to the court establish convincingly that Grigsby was using the account to violate the order of the court.

(*Id.* at 4-5.) In addition to denying Defendant's motion to remove the no-contact order (and to sanction the prosecutor), the court sanctioned Defendant for attempting to violate its order by prohibiting him from filing further pleadings challenging the restitution order absent court authorization for a period of two years. (*Id.* at 6.) Defendant appealed the foregoing order and, notwithstanding the restriction, filed another motion for modification of the restitution order. (Doc. 338.) The district court struck the filing. (Doc. 340.) Defendant also filed a motion to stay the disbursement of restitution, which the court denied. (Docs. 345, 346.) Thereafter, the Tenth Circuit affirmed the district court's ruling quoted above, noting the motion was appropriately treated as a Rule 60(b) motion because it challenged only the standalone no-contact order, which was a civil injunction and not part of the sentence. (Doc. 348 at 5.) The circuit reiterated that the district court had inherent authority to impose the order as a civil injunction pursuant to its ancillary authority. It also rejected Defendant's assertion that the restriction was improper because the victim and her brother were now adults. (*Id.* at 10.) The court found no abuse of discretion in the denial of the motion or in the filing sanction imposed by the district court.

**II. Motion for Restitution Payment Schedule (Doc. 354).**

Defendant once again challenges the restitution order, arguing this court improperly delegated its authority to the Bureau of Prisons "by ordering payment of restitution 'immediately' without specifying any payment schedule…." (Doc. 354 at 2.)

Given the fact that the restitution orders challenged by Defendant long ago became final, and inasmuch as no other potential avenue of relief is suggested, the court construes Defendant's motion as one for relief from a final judgment or order under Fed. R. Civ. P. 60(b). *See United States v. Elwood*, 757 F. App'x 731, 734 (10th Cir. 2018) (construing motion claiming improper delegation of payment schedule to BOP as a challenge to final order or judgment).

The court rejects the assertion that Defendant is entitled to relief from the court's restitution orders. A court ordering restitution must "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid," based upon consideration of certain factors. 18 U.S.C. § 3664(f)(2). In *United States v. Overholt*, 307 F.3d 1231 (10th Cir. 2002), the Tenth Circuit said a district court improperly delegated its responsibility to the Bureau of Prisons (BOP) by directing only that restitution payments be made "through the Bureau of Prisons' Inmate Financial Responsibility Program." *Id.* at 1254-55. But in the instant case, the court set a specific payment schedule, determining that payments were to begin immediately and directing that they be "of not less than 10% of the funds deposited each month into the inmate's trust fund account…." (Doc. 98 at 8.) The court thus directed a schedule of monthly payments and specified the manner of payment. Additionally, the court ordered as of March 16, 2016, that the full amount of restitution was due immediately. (Doc. 216 at 9-10.) The fact that the BOP was assigned the ministerial task of applying a specified percentage to the funds deposited monthly into Defendant's account, and to processing the payments, does not amount to an improper delegation of responsibility for setting a payment schedule. *Cf. United States v. Lowe*, 220 F. App'x 831, 833

(10th Cir. 2007) (order requiring BOP to collect "the greater of $25 quarterly or 50% in income" complied with *Overholt's* requirement.) *See also Shaw v. Daniels*, No. 10-cv-234-MSK, 2010 WL 4628905, *2 (D. Colo. Nov. 8, 2010) ("Such a sentence complies with the requirement of *Overholt* that the sentencing court, not the BOP, dictate the schedule for repayment—in this case, the court directed that Mr. Shaw immediately begin making monthly payments of 10% of the balance of his inmate trust account.")

### III. No-Contact Order

Defendant's challenge to the no-contact order alleges in part that his biological son and daughter are now adults who "have previously indicated a desire for contact with their father by requesting to be added to the friend list on a Facebook account operated by [Defendant's] mother." (Doc. 355 at 2.) The motion also appears to allege that the sentencing court somehow erred by failing to revisit the no-contact order at a restitution hearing on July 29, 2013. (*Id.* at 1) The motion asks the court to remove the no-contact order. (*Id.* at 5.)

Insofar as Defendant suggests the sentencing court committed error in connection with the imposition of his sentence, the court rejects the argument. The Tenth Circuit has explained that the no-contact order applicable to Defendant during his period of incarceration was not part of his sentence but was entered pursuant to the court's ancillary civil jurisdiction. *United States v. Grigsby*, 854 F. App'x 249, 253-54 (10th Cir. 2021). The circuit determined that this court "has inherent authority to impose that order as 'a civil injunction pursuant to its ancillary jurisdiction.'" *Id.* at 255. Defendant has not shown that imposition of such an injunction was error.

The court likewise rejects Defendant's suggestions that his other allegations warrant relief from the no-contact order. The Tenth Circuit only last year rejected Defendant's argument that "it is a miscarriage of justice to deny his children, who are now adults, their expressed desire to

7

communicate with their father," based on the findings of the district court that removing the no-contact order was not warranted given "the heinous nature" of Defendant's crimes and his failure to provide convincing proof of rehabilitation. *Grigsby*, 854 F. App'x at 255. The circuit further noted the no-contact order "is not conditioned on the victim or her brother being minors, so the fact they have become adults is irrelevant to whether the district court abused its discretion in denying the removal motion." *Id.* The nature of Defendant's offenses still provides a strong basis for prohibiting Defendant from having contact with the victim or her family, including her brother and mother. Defendant has provided no evidence that such contact is advisable or even safe. Moreover, Defendant's conduct in this litigation supports a contrary conclusion. Defendant not only uses the current motion as an opportunity to make various unfounded accusations against the prosecutor, as he has done before, but also to cast aspersions on the mother of the victim, who is herself considered a victim under 18 U.S.C. § 3771(e)(2)(A). He also invokes as evidence of the victims' alleged desire to have contact with him the same illicit Facebook activity that previously caused Judge Marten to sanction him by imposing a two-year prohibition against filing such motions. In any event, as the government accurately points out, Defendant has no standing to assert any interest of the victims with respect to the no-contact order. *See Grigsby*, 784 F. App'x at 595 ("[Defendant] did not assert his victim's rights in his motion … nor does he have standing to assert her rights in any event.")

### IV. Conclusion

Defendant's motion for restitution payment schedule (Doc. 354) and motion for review of no-contact order (Doc. 355) are DENIED.

IT IS SO ORDERED this 9th day of December, 2022.

      s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE