IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                          Case No.  12-10174-JWB

PHILIP ANDRA GRIGSBY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's second motion for establishment of a restitution payment schedule.  (Doc. 375.)  The motion is DENIED for the reasons stated herein. "Defendant pleaded guilty to eight counts of knowingly persuading a 9-year-old child to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, using materials in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2251(a); one count of knowingly possessing matters containing visual depictions of minors, the production of which involved use of minors engaging in sexually explicit conduct and which depictions were of such conduct, and which had been shipped in interstate commerce by computer, in violation of 18 U.S.C. § 2252(a)(4)(B); and one count of knowingly possessing in or affecting commerce nine specified firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)."  (Doc. 361 at 1-2.)  The court has already set forth the facts in this case at length in its prior order.  (*Id.*)  In 2013, Defendant was sentenced to a term of 260 years imprisonment and ordered to pay restitution in the amount of $140,000 for the above conduct.  (*Id.* at 2.) Defendant was also prohibited from having any contact with the minor victim (Defendant's

1

daughter) or the victim's family.  (*Id.*)  The Tenth Circuit affirmed Defendant's sentence the following year.  (*Id.*)

In 2022, Defendant filed a motion challenging his restitution order.  (*Id.* at 6.)  There, he argued that when the court imposed his sentence, it "improperly delegated its authority to the Bureau of Prisons by 'ordering payment of restitution immediately without specifying any payment schedule.'"  (*Id.*) (quoting Doc. 354 at 2.)  The court construed that motion "as one for relief from final judgment or order under Fed. R. Civ. P. 60(b)."  (*Id.*)  The court denied Defendant's motion as it found the sentencing court properly established a restitution payment plan in accordance with 18 U.S.C. § 3664(f)(2).  (*Id.*)  The court's sentence made restitution due immediately and set a minimum payment limit of "not less than 10% of the funds deposited each month into the inmate's trust fund account."  (*Id.*) (quoting Doc. 98 at 8) (internal quotation marks omitted).

On December 22, 2025, Defendant filed another motion for establishment of a restitution payment schedule.  (Doc. 375.)  In this motion, Defendant argues that under Bureau of Prisons ("BOP") rules, inmates are exempt from paying restitution if their account's income for a particular month is under $75.  (*Id.* at 2.)  According to Defendant, funds deposited in his account "rarely" exceed $20 per month.  (*Id.* at 1.)  Defendant claims he is responsible for paying for certain expenses in prison that deplete his account balance, so restitution payments have not been paid in over two years.  (*Id.*)  Defendant claims that the BOP will not withdraw less than $25.00 from an inmate's account.  (*Id.*)  As Defendant rarely earns more than $20 per month, money is apparently rarely withdrawn to make restitution payments.  (*Id.*)

All that said, the court cannot alter Defendant's restitution payment schedule or change the BOP's rules on withdrawals.  Defendant has identified no authority for the court to do so.

3

Moreover, as the court explained in its prior order, the sentencing court properly established a restitution payment schedule. (Doc. 361 at 6.) Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED. Dated this 11th day of February, 2026.

                                                          s/ John W. Broomes
                                                          JOHN W. BROOMES
                                                          CHIEF UNITED STATES DISTRICT JUDGE