IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 12-10174-JWB

PHILIP ANDRA GRIGSBY,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for release from custody and to appoint counsel. (Doc. 382.) The motion is DENIED for the reasons stated herein.

**I. Facts and Procedural History**

Defendant pleaded guilty to eight counts of knowingly persuading a 9-year-old child to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, using materials in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2251(a); one count of knowingly possessing matters containing visual depictions of minors, the production of which involved use of minors engaging in sexually explicit conduct and which depictions were of such conduct, and which had been shipped in interstate commerce by computer, in violation of 18 U.S.C. § 2252(a)(4)(B); and one count of knowingly possessing in or affecting commerce nine specified firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (Doc. 361 at 1–2.) The facts in this matter are horrendous. As a result, in 2013, Defendant was sentenced to a term of 260 years imprisonment and ordered to pay restitution in the amount of $140,000. (*Id.* at 2.) Defendant was also prohibited from having any

contact with the minor victim (Defendant's own daughter) or the victim's family. (*Id.*) The Tenth Circuit affirmed Defendant's sentence the following year. (*Id.*)

Defendant now files a motion for appointment of counsel and for sentence reduction. With respect to his sentence, Defendant asks that his consecutive sentences be changed to run concurrently, resulting in a thirty-year sentence. The government opposes the motion. (Doc. 384.)

## II. Appointment of Counsel

Defendant seeks counsel to assist him with the filing of his motion for a sentence reduction. Defendant has no constitutional right to appointment of counsel beyond his direct appeal. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). This lack of a right to counsel includes assistance in a § 3582(c)(1) motion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 (10th Cir. 2021). A court has discretion to appoint counsel to assist Defendant, however. *See United States v. Francom*, No. 2:09-CR-150 TS, 2021 WL 321969, at *2 (D. Utah Feb. 1, 2021) (citing *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)). But Defendant has not demonstrated a compelling need for counsel. Rather, his request states that he is capable of some research but that he needs counsel because the issues are complex. The court notes that many—if not all—prisoners filing pro se motions lack a highly developed understanding of the law and numerous pro se prisoners have filed motions for compassionate release on their own behalf.

Thus, the court concludes that Defendant failed to provide a sufficient compelling reason for the court to exercise its discretion and appoint counsel on a matter in which there is no constitutional right to counsel.

## III. Reduction of Sentence

Next, Defendant asks the court to reduce his criminal sentence. "Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but

[that] rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Defendant moves for a sentence reduction under § 3582(c)(1)(A). The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under that statute. *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* at 938. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id.* But all requirements must be addressed when the court grants a motion for release under the statute. *Id.* Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g.*, *United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

In his motion, Defendant asserts that he has been rehabilitated while incarcerated. (Doc. 382 at 15–16.) Rehabilitation cannot be a basis in and of itself for a sentence reduction.[1] *Rutherford v. United States*, 146 S. Ct. 1320, 1332, 608 U.S. --- (2026) ("[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason") (citing 28 U.S.C. § 994(t)); *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021). Therefore, Defendant has not established extraordinary and compelling reasons for a sentence reduction.

[1] While Defendant checked boxes on the form that his long prison sentence, age (64), and health conditions are a basis to establish extraordinary circumstances, he makes no argument regarding those issues in his initial brief. (Doc. 382.) Notably, the court cannot discern from his initial brief the health condition to which Defendant refers. In his reply brief, he states that he has "deterioration in physical health because of the aging process." (Doc. 385.) This is not an extraordinary and compelling circumstance. Neither is the length of his sentence given the facts in this case.

Although the court is not required to consider the remaining requirements for relief under the statute, the court further finds that the sentencing factors would not support a sentence reduction in this case. Some of the sentencing factors the court must consider include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Defendant's criminal activity was particularly heinous. It was so heinous in fact that the Tenth Circuit declined to recount it on appeal. *United States v. Grigsby*, 749 F.3d 908, 909, n. 2 (10th Cir. 2014). The presentence report describes atrocious acts that were performed on Defendant's own nine-year old child and recorded and shared with other sadistic users online. (*See* Doc. 57.) In sentencing Defendant, the sentencing judge essentially stated that Defendant should not be "out in the world, among free people with access to children, and with access to computers." (Doc. 88 at 24.) The undersigned concurs in that sentiment. As did the Tenth Circuit, the undersigned judge declines to recount the specific and horrific acts that Defendant committed against his own child.

Given Defendant's criminal conduct as reflected in the record and, more specifically, the presentence report, the court finds that reducing Defendant's sentence would not accurately reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment for the offense. The court finds that the imposed 260-year sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

## IV. Conclusion

Accordingly, Defendant's motion (Doc. 382) is DENIED.

IT IS SO ORDERED. Dated this 1st day of September, 2026

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE